# SIERRA NEVADA LUMBER COMPANY v. McCORMICK, et al.

## No. 2080.   Decided January 10, 1910 (106 Pac. 666).

1. TRIAL—FINDINGS OF FACT AND CONCLUSIONS OF LAW. The findings should be limited to ultimate facts. (Page 153.)

2. TRIAL—FINDINGS OF FACT AND CONCLUSIONS OF LAW. If the court makes a finding of ultimate facts and additional findings of probative facts not shown to be the only probative facts established by the evidence, the judgment rendered in accordance with the ultimate facts cannot be attacked on the ground that the first findings are not true because contradicted by the probative facts. (Page 154.)

3. TRIAL—FINDINGS OF FACT AND CONCLUSIONS OF LAW. When the ultimate fact is found, no finding of probative facts which may tend to establish that the ultimate fact was found against the evidence can overcome the finding of the ultimate fact. (Page 154.)

4. JUDGMENT—ON TRIAL OF ISSUES—CONFORMITY TO FINDINGS. If all the probative facts are found from which the ultimate facts necessarily follow, the judgment is good, though based entirely on the probative facts. (Page 155.)

5. JUDGMENT—FINDINGS OF FACT—CONCLUSIONS OF LAW. When the ultimate fact is found, the judgment rests on it, and not on the probative facts. (Page 155.)

6. APPEAL AND ERROR—REVIEW—PRESUMPTIONS. A judgment is presumed to be correct, unless the contrary appears from the record. (Page 157.)

7. APPEAL AND ERROR—RECORD—QUESTIONS PRESENTED FOR REVIEW. Where, on appeal on the judgment roll alone, it appeared that the judgement was based entirely on a finding of the utimate fact that a certain sum was paid on the claim in suit and not on another account, and it appeared that an additional finding of probative facts did not contain all the probative facts on which the court found the ultimate fact of payment, the judgment could not be questioned on the ground that the conclusions of law as to the application of the payment were contrary to the probative facts found. (Page 157.)

APPEAL from District Court, Third District; *Hon. C. W. Morse,* Judge.

Action by the Sierra Nevada Lumber Company against John McCormick and others.

Judgment for plaintiff. It appeals.
AFFIRMED.

*Stephens, Smith & Porter* for appellant.

*Young & Moyle, Moyle & Van Cott* and *Richards, Richards & Ferry* for respondents.

FRICK, J.

This is an action to foreclose a mechanic's lien for materials furnished by appellant as a subcontractor. The respondents Houston Real Estate Investment Company, a corporation, hereinafter styled "Company," and O. J. Salisbury, since deceased, in October, 1905, entered into a contract with their correspondents, John McCormick and George Gray, as copartners, whereby said McCormick & Gray agreed to erect a certain building, known as the New York building, for said Company and said O. J. Salisbury for a specified sum of money. Said McCormick & Gray thereafter entered into a contract with the appellant, whereby it agreed to furnish to them certain materials to be used in the construction of the building aforesaid, and it is conceded that appellant did furnish materials for said building of the value of $11,716.45. The appellant claims that of the foregoing amount it was paid by McCormick & Gray only the sum of $8400, while said McCormick & Gray, said Company, and Margaret Blaine Salisbury, as the executrix of the last will of O. J. Salisbury, deceased, claim that appellant was paid the sum of $9400, or the sum of $1000 in excess of what it concedes was paid to it. It is not necessary to refer to the other respondent, or to further state the issues. The court found that McCormick & Gray had paid appellant the sum of $9400 to apply on the materials furnished by it, and that there was thus a balance due it from them amounting to the sum of $2316.45,

for which judgment was entered against them, and a decree of foreclosure of the mechanic's lien was decreed against said New York building and the lot upon which it stands. Counsel for appellant in their brief state the question presented to this court by the appeal to be as follows: "The single question which arises in the case is that the application of a payment. A payment of $1000 was made in February, 1906, by the original contractors to the plaintiff. The debtor (McCormick & Gray) did not make any application of payment. The plaintiff applied the payment to an overdue acount then owing for materials furnished to the defendant contractors (McCormick & Gray) upon other accounts than the one for the erection of the New York building."

The appeal is upon the judgment roll without a bill of exceptions. The errors assigned are that the court erred in making the conclusions of law upon the ground that the conclusions are not in accordance with or are contrary to the facts as found by the court, and particularly contrary to what is designated as finding No. 5. In view that the whole question hinges upon said finding, we will set it out in full. It is as follows: "That during the month of February, 1906, the defendant. Houston Real Estate Investment Company and the said O. J. Salisbury made a payment, by checks, payable to the defendants McCormick & Gray on account of said contract in the sum of $1000, which payment was made without any express reservation or designation that said money was to be applied on account of materials furnished to said McCormick & Gray under said contract. Said check was deposited by them to the credit of their general account, with other funds, in the State Bank of Utah. That shortly thereafter McCormick & Gray drew a check for the sum of $1000 upon their said bank account, payable to the order of the plaintiff herein, and delivered the same to the plaintiff. That said McCormick & Gray had made previous payments to said plaintiff for materials furnished under said contract, and had at all previous times designated that said payments should be applied on acount of said contract, but that the pay-

ment of the said $1000 was made without any express designation as to how the same should be applied by the Sierra Nevada Lumber Company, but that said company knew that $1000 had come to McCormick & Gray from said Houston Real Estate Investment Company and O. J. Salisbury. That at the time of said payment to the plaintiff the defendants McCormick & Gray were indebted to the plaintiff upon an account other than the acount for materials herein referred to, which account was unsecured in any way, and was in excess of the sum of $2000, and was past due and owing for materials furnished to them prior to the commencement of the work upon the building herein referred to. That the manager of said company applied the said payment of $1000 upon the books of the plaintiff company upon the said other account of the said McCormick & Gray, but did not communicate said fact to said McCormick & Gray. That a few days after said sum had been applied as aforesaid the said McCormick & Gray, through one of the members of said firm, directed the plaintiff to apply the said $1000 to this account, but that said plaintiff failed so to do." Counsel for respondents McCormick & Gray, Margaret Blaine Salisbury, and said Company earnestly insist that, in view of the record in this case, we cannot pass upon the question urged by counsel for appellant. Counsel for said respondents contend that all the facts found in said finding No. 5, except the ultimate fact that McCormick in February, 1906, paid to the appellant the sum of $1000 to apply upon the materials furnished by it for the building in question, are merely evidentiary or probative, and if in conflict with the ultimate fact if found, must be disregarded. It seems to us that, in view of the authorities, this contention is sound. It is elementary that the findings must respond to and cover the issues made by the pleadings. It is equally true that the findings should be limited to ultimate facts, since it is upon such facts that the conclusions of law and the judgment must rest. If, therefore, a judgment is supported by the ultimate facts found, it cannot be said to be con-

trary to the facts simply because some probative or     **2, 3**
evidentiary fact or facts may be contrary to the ulti-
mate facts found by the court and upon which the judgment
rests.     The doctrine is well· stated by the Supremo
Court of California in the case of *Smith v. Acker,* 52 Cal.
217, wherein, in the syllabus, which clearly reflects the deci-
sion, the following language is used:

> "If the court makes a finding of the ultimate facts, and also makes
> additional findings of probative facts, which are not shown to be the
> only probative facts established by the evidence, and which may have
> co-existed with the ultimate facts found, and judgment is rendered in
> accordance with the ultimate facts found, the judgment cannot be at-
> tacked upon the ground that the first findings are not true, because
> contradicted by the probative facts. When the ultimate fact is found,
> no finding of probative facts which may tend to establish that the
> ultimate facts was found against the evidence can overcome the finding
> of the ultimate. fact."

The foregoing case has been frequently referred to and
followed by the Supreme Court of California as appears from
the following, among other, cases: *Lucas v. Richardson,* 68
Cal. 618, 10 Pac. 183; *Gill v. Driver,* 90 Cal. 72, 27 Pac. 64;
*Commercial Bank v. Redfield,* 122 Cal. 405, 55 Pac. 160,
772.

The only question, therefore, is: Does finding No. 5 come
within the rule laid down in the California cases above re-
ferred to? We think it does. One of the principal issues, if
not the only one, as between appellant and McCormick &
Gray and the other two respondents, was whether appellant
had been paid $9400 or only $8400 upon McCormick &
Gray's contract with their correspondents. In finding No. 4
the court had found that $8400 had been paid by McCor-
mick & Gray to appellant to apply on said contract up to a
certain time. There is no dispute about this. Why the court
did not include the other $1000 with the $8400 and then
find that $9400 had been paid in one finding can be explain-
ed only upon the theory that both the court and counsel for
appellant intended the findings of evidentiary or probative
facts to take the place of a bill of exceptions in which the evi-

dence adduced at the trial would be reflected, or that such findings would answer the purpose of a statement of the evidentiary facts from which the legal conclusion might be deduced by this court. Findings in this form, as is well illustrated in the case of *Smith v. Acker, supra,* are always a delicate, if not an illusory, method through which the appellate court can be asked to pass upon whether a judgment is right and according to law, or otherwise. It is true that, if all the evidentiary or probative facts are found from which the ultimate facts necessarily follow, then a judgment is good, although based entirely upon probative facts. But, where the ultimate fact is found, such a finding cannot be affected or contradicted by probative facts although the latter are contrary to the former. When the ultimate fact is found, the judgment rests upon it, and not upon the probative facts. The ultimate fact that McCormick & Gray paid appellant the sum of $9400 to apply on the materials furnished by apppellant for the building in question is certainly found by the court. Whether such fact is absolutely found in said finding No. 5 is not controlling. It is sufficient that the court found the fact to exist, and that the judgment is based thereon. This was really the only issue.

The real question between the two parties last above named thus was whether $9400 or only $8400 had been paid by McCormick & Gray upon the aforesaid contract. When this fact was ascertained and found, the court was prepared to determine the balance due to appellant from McCormick & Gray on the particular contract in question. If the court had found that only $8400 had been paid, then appellant was entitled to judgment against McCormick & Gray for $3316.45, but, if the finding was that $9400 had been paid, then the judgment could be for only $2316.45. This is the amount allowed by the court, and hence is based on the finding that the payments amounted to $9400. While the finding on the payment of the $1000 in finding No. 5 in addition to the $8400 as found in finding No. 4 is not as specific as it might be, still no one

questions that the court found that the payment was made.
Even counsel for appellant so state in unqualified terms in
the proposition stated by them and which we have hereinbe-
fore quoted. The only contention they make is that from the
probative facts contained in finding No. 5 the court found as
a conclusion of law that the $1000 payment was applied
upon the materials furnished to McCormick & Gray upon
their contract with the other two respondents. It needs no
argument to show that to permit the contention results in
entirely ignoring the fact that the court found that McCor-
mick & Gray had paid $9400 on the materials furnished by
appellant for the building in question, and that the judgment
is entirely based upon this finding. The probative facts con-
tained in finding No. 5, as is illustrated by the authorities
cited by us, are entirely immaterial, because the judgment
is not based upon the probative facts, but upon the ultimate
fact found by the court. If this be sound doctrine, and we
think it is, it follows as the night follows day that we cannot
go beyond the ultimate fact, namely, that respondents Mc-
Cormick & Gray paid $9400 upon the materials furnished
by appellant to them upon their contract with the other two
respondents. According to this finding, the judgment for
$2316.45 is clearly right in amount and should thus be sus-
tained, unless clearly in conflict with some legal principles.

In view of what has been said, it follows that we cannot,
upon this record, determine the question whether the $1000
should have been applied as the court applied it or not. But,
even though we were wrong in the foregoing contentions in
so far as they apply to the facts found in this case, and we
could consider the probative facts found by the court in said
finding No. 5, yet it does not appear therefrom that all the
probative or evidentiary facts upon which the court based
the ultimate fact of payment are found. The only reason
that counsel urge why appellant had the legal right to apply
the $1000 upon another debt owing by McCormick & Gray is
that neither the company nor O. J. Salisbury , when the pay-
ment was made by them to McCormick & Gray, expressly

directed how the money should be applied, and that McCormick & Gray gave no express directions to appellant at the time the payment was made by them how the application thereof should be made. The difficulty with this contention is that it is not made to apppear that the court's finding contained all the probative or evidentiary facts from which the court deduced or found the ultimate fact of payment. It may well be that the court based its finding that the $1000 was paid upon the materials furnished for the building in question upon an implied rather than upon an express direction as to how the payment should be applied.

In order, therefore, to authorize us to determine whether the judgment is erroneous upon the ground that under the evidence the court ought to have found that the $1000 payment was not made to apply upon the materials furnished for the building in question, but was to apply upon another account owing by McCormick & Gray to appellant, we should have all the evidence upon that subject, direct and inferential, upon which the trial court acted or had the right to act before us. The presumption that the judgment is correct must prevail until it is clearly made to appear from the entire record upon which it is based that it is not so. This presumption is not overcome by the evidentiary facts contained in finding No. 5, even though we could consider them in opposition to the ultimate fact that $9400 was paid upon the materials furnished for the building in question. The finding in this regard should have been either that $9400 or $8400 was paid on the materials aforesaid, and, if either party desired to question the correctness of such a finding on appeal, all the evidence relating to or upon which the finding is based should be brought to this court by a bill of exceptions or upon an agreed statement of facts in which all the facts relating to the finding are contained. No doubt a party may request the trial court to find all the evidentiary or probative facts upon which the ultimate fact is to be deduced or found, and, if the court will state that the probative facts as found are all the facts

and inferences from which the court finds and makes the conclusions of law, then the appellate court may determine whether the conclusions are correct or not. If such a course is pursued, it is apparent from the authorities cited, however, that the court cannot also find the ultimative fact if such finding should be contrary to the probative facts.

From the authorities cited, it is manifest that we are bound by the ultimate fact of payment as found by the court, regardless of what may be deduced from the probative facts so found. The judgment therefore ought to be, and it accordingly is, affirmed, with costs to respondents.

STRAUP, C. J., and McCARTY, J., concur.