## SMITH v. KNAUSS.

No. 3244. Decided Nov. 23, 1918. (176 Pac. 621.)

1. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—SUFFICIENCY. As-
signments of error that the court erred in making its findings of fact
*held* insufficient, because failing to indicate whether the errors were
of law, or of insufficiency of the evidence to sustain the findings.
(Page 616.)

2. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—SUFFICIENCY. As-
signments of error that the court erred in making its findings of fact
*held* insufficient, in questioning the sufficiency of the evidence, be-
cause they failed to point out in what way the findings were unsup-
ported by the evidence.[1] (Page 616.)

3. CORPORATIONS—MEETINGS OF STOCKHOLDERS—NOTICE—ESTOPPEL.
Secretary of corporation, who gave notices of stockholders' meeting
and participated in the meeting without objection, was estopped to
question the regularity of the meeting or the legality of the election
of his successor.[2] (Page 617.)

Appeal from the District Court of Weber County, Second
District; *Hon. A. E. Pratt,* Judge.

Mandamus by J. A. Smith against J. H. Knauss.

Decree for complainant. Defendant appeals.

AFFIRMED.

*J. G. Willis* and *V. C. Gunnell* for appellant.

*George Halverson* and *J. N. Kimball* for respondent.

GIDEON, J.

Plaintiff asks a writ of mandate against defendant, com-
pelling him to deliver to plaintiff certain moneys, the seal,

---

[1]*Egelund* v. *Fayter,* 51 Utah, 579, 172 Pac. 313.

[2]*Jackson* v. *Crown Point Min. Co.,* 21 Utah, 1, 59 Pac. 238, 81 Am.
St. Rep. 651.

stock ledger, and other books in the possession of the defendant, belonging to the New York & Great Western Mining, Smelting & Development Company, a corporation organized under the laws of the state of Utah, with its principal office at Ogden, Utah. The court entered judgment directing that the defendant, Knauss, deliver to plaintiff all the books, papers, and effects belonging to said corporation, and also adjudged that the plaintiff is the duly elected and qualified secretary of such corporation.

It appears that the defendant, Knauss, had been secretary of such mining company for the past twelve years or more; that under the articles of incorporation the date of the annual stockholders' meeting was the third Monday in November of each year. The last annual stockholders' meeting was held in the year 1911. No meeting was held in the month of November, 1917. The articles of agreement further provided that the failure to hold such annual stockholders' meetings on the date named should not in any way forfeit the corporate rights under the agreement, but that such meetings might be held at any time, upon giving thirty days' notice in the manner to be prescribed by the board of directors.

The defendant, Knauss, was also one of the directors of the company. The directors never at any time prescribed the method or manner of giving notice of special stockholders' meetings. At a meeting of the directors of the company on December 18, 1917, a motion was made and carried that the secretary call a special meeting of the stockholders. Pursuant to that action of the directors the defendant, as such secretary, on December 20, 1917, mailed to each and all of the stockholders a notice in which it was stated that the annual meeting of the stockholders, fixed for the third Monday in November of each year, not having been held on that date for that year, a special meeting of the stockholders was thereby called to meet at the office of the company at 201 Colonel Hudson Building, Ogden, Utah, on January 30, 1918, at eight o'clock p. m., for the election of five directors and the transaction of such other business as might properly come before said meeting. Accordingly, on the said 30th day of

January, a meeting of the stockholders was had at the office of the defendant, at which there were present, either in person or by proxy, something like 89,875 shares of a total outstanding stock of 114,505 shares. At that meeting five directors were elected, and at a subsequent date such directors met, organized, and elected the plaintiff, Smith, secretary of the company, and directed him to obtain from the defendant the books, records, and other property in his possession as former secretary of such company. The defendant was present as a director and participated in the directors' meeting providing for the calling of such stockholders' meeting. As secretary he signed and mailed the notices of such meeting, and was present and participated in the stockholders' meeting at which directors were elected, and kept the minutes of both meetings. When called upon by plaintiff for the property belonging to the corporation, the defendant refused to deliver the same, and gave as the reason for such refusal that the stockholders' meeting had not been legally or regularly called, and that the directors elected at such meeting were not authorized or empowered to name the plaintiff as secretary, and that he, the plaintiff, was not such officer.

Respecting the findings of the court, the only assignments of error are as follows:

"(1) The court erred in making its finding of fact No. 9.                                                              1, 2

"(2) The court erred in making its finding of fact No. 10, in so far as the same found 'that O. A. Parmley knew and had notice of the time and place of meeting.'"

Such assignments are insufficient to authorize this court to review the testimony, as they fail to indicate whether the errors assigned were errors of law, or of insufficiency of the evidence to sustain the findings, and, if the latter, the assignments fail to point out in what way the findings are not supported by the evidence, or in what way the evidence is insufficient. In view of such failure, this court cannot and will not review the testimony, to ascertain whether such findings are correct. *Egelund v. Fayter,* 51 Utah, 579, 172 Pac. 313, and cases there cited.

The defendant, as director, participated in the proceedings directing the calling of the stockholders' meeting, as secretary he gave notice of such meeting, and as a stockholder participated in the proceedings of that meeting, and made no objections to the same until after the meeting had adjourned and the board of directors elected at that meeting had organized. Such being the condition of the record, the defendant is estopped from questioning the regularity of the stockholders' meeting, or the legality of the election of the directors at such meeting, or the act of the directors in the election of the plaintiff secretary of such corporation. That conclusion is supported by the opinion of this court in *Jackson v. Crown Point Min. Co.,* 21 Utah, 1, 59 Pac. 238, 81 Am. St. Rep. 651.

Let the judgment of the district court be affirmed. Such is the order. Appellant to pay costs.

FRICK, C. J., and McCARTY, CORFMAN, and THURMAN, JJ., concur.