EAGLE LUMBER CO. v. BURTON LUMBER CO.

No. 3990.   Decided November 28, 1923.   (220 Pac. 1069.)

1. APPEAL AND ERROR—ASSIGNMENT OF ERRORS RELATING TO FIND-
   INGS OF FACT NOT REVIEWED WHERE COUCHED IN GENERAL TERMS
   ONLY. The court cannot review assignments relating to errors
   in findings of fact, where assignments are couched in general
   terms only, and it is not contended that there is no evidence
   to support the findings, nor pointed out as required by the rules
   of the court, in what particular the findings are not supported
   by evidence.

2. SALES—TITLE HELD NOT TO PASS UNTIL DELIVERY. Under a con-
   tract for the sale of lumber which buyer purchased from seller
   for the purpose of resale, seller being aware of the fact, and it

being necessary for the lumber to be prepared by seller before delivering in accordance with the contract, *held*, that title to the lumber did not pass until delivery was made.

3. SALES—IMMATERIAL WHETHER TITLE PASSES IN ACTION FOR BREACH OF CONTRACT. Whether title passes or not under a contract of sale is immaterial to buyer's right of recovery of damages for breach of contract.

4. SALES—RULE AS TO MEASURE OF DAMAGES OF BUYER PURCHASING FOR RESALE STATED. Where, under a contract for the sale of lumber, title did not pass, and seller knew that buyer purchased for resale, upon failure of seller to perform the contract buyer might recover from seller the difference between the purchase price and the price lumber was sold for, unless sold for an unreasonable price.

5. CONTRACTS—WAIVER OF CONDITIONS DEPENDS UPON CONDUCT OF PARTIES SUBSEQUENT THERETO. Whether there is a waiver of conditions in a contract depends upon the conduct of the parties subsequent to the making thereof.

6. APPEAL AND ERROR—COURT HELD BOUND BY FINDING THAT BUYER DID NOT WAIVE SELLER'S BREACH OF CONTRACT. The appellate court is bound by a finding of fact, in a case of law, that buyer did not waive seller's breach of contract, where there is no contention that the evidence does not support such finding.

7. APPEAL AND ERROR—COURT HELD BOUND BY FINDING OF SELLER'S BREACH OF CONTRACT OF SALE. Whether seller breached a contract for the sale of lumber by canceling buyer's orders depends upon seller's acts and conduct, and, being reflected in the evidence, the appellate court is bound by a finding of fact that there was a breach.

8. SALES—FINDING HELD EQUIVALENT TO FINDING THAT PRESUMPTION WAS NOT WAIVED. A finding by the lower court that seller violated the terms of a contract of sale and wrongfully refused to perform the same is equivalent to a finding that buyer did not waive performance of a contract.

9. APPEAL AND ERROR—FAILURE TO MAKE FINDINGS WAIVED WHEN NOT ARGUED IN BRIEF. The trial court's failure to make a special negative finding is waived, where not argued in the brief.

10. SALES—CLAUSE HELD NOT TO RELIEVE SHIPPER FROM SHIPPING AT ANY PARTICULAR DATE EXCEPT FOR CAUSES STATED. A clause in a contract for the sale of lumber, providing that the shipper is to be relieved of the obligation to meet shipping requirements on the dates as shown only in cases of strikes, labor trouble,

or circumstances beyond his control, is restrictive, and does not relieve the shipper from shipping lumber at any particular date or dates except for the causes stated.

11. SALES—FINDING THAT DELAYS IN SHIPPING WERE NOT EXCUSED HELD JUSTIFIED. Where, in a contract for the sale of lumber, a temporary suspension of shipments was required by buyer, and seller thereon immediately canceled buyer's order and refused to make shipments "at the old price," a finding that the seller was in default, and that the delays in the shipments were not excused under a provision in the contract providing that the shipper was to be relieved of the obligation of meeting shipping requirements only in cases of strikes, labor troubles, or other circumstances beyond his control, was fully justified.

12. ACCOUNT STATED—TRANSACTION HELD NOT TO INVOLVE AN ACCOUNT STATED. Contention that a transaction constituted an account stated not sustained, where it was not intended as such, it involved only a small amount claimed by plaintiff against defendant on a certain transaction, and defendant convinced plaintiff that, if certain credits were allowed him, the amount owing to plaintiff had in fact been paid.

Appeal from District Court, Third District, Salt Lake County; *L. B. Wight,* Judge.

Action by the Eagle Lumber Company against the Burton Lumber Company. Judgment for defendant, and plaintiff appeals.

AFFIRMED.

*Booth, Lee, Badger & Rich* and *J. R. Thomas,* all of Salt Lake City, for appellant.

*Ball, Musser & Robertson,* of Salt Lake City, for respondent.

FRICK, J.

On July 18, 1922, plaintiff a foreign corporation located in the state of Oregon, commenced this action in the district court of Salt Lake county, against the defendant, a Utah corporation, to recover judgment for three carloads of lumber

sold and delivered to defendant in June, 1921. At the trial it was stipulated that the defendant was indebted to the plaintiff for said lumber, and that the latter was entitled to judgment for the sum of $1,264.05. The defendant, in its answer, however, set up a counterclaim against the plaintiff in which it, in substance, averred that on the 28th day of May, 1917, plaintiff sold to the defendant 600,000 feet of lumber, which plaintiff agreed to deliver to the Phœnix Construction Company at Grace, Idaho; that at the time of "said sale and purchase of said lumber" the defendant informed plaintiff that the lumber was purchased by defendant for resale, and that it "had been resold to the Phœnix Construction Company" at "a price in excess" of the price defendant agreed to pay therefor; that "although defendant frequently demanded that plaintiff ship said lumber and the whole thereof pursuant to said contract" plaintiff wrongfully failed and refused to ship or to deliver the same within the time specified in said contract or at all, except 450,663 feet, leaving 149,337 feet undelivered; that defendant had complied with all of the terms and conditions of said contract, and that, by reason of plaintiff's failure to ship and deliver said lumber, defendant was damaged in the sum of $1,157.36, for which, with legal interest from September 1, 1917, it demanded judgment.

To this counterclaim plaintiff filed a reply, in which it set up three defenses: (1) That the Phœnix Construction Company had "canceled its order with defendant, and defendant had agreed thereto," and that defendant had notified the plaintiff to "suspend all shipments of lumber to Grace, Idaho, or elsewhere"; (2) that "performance of the contract, if any, between plaintiff and defendant * * * was excused," stating the reasons therefor; (3) that the defendant "had waived" performance of said contract. Plaintiff subsequently added another ground of defense in its reply; namely, that there had been an account stated between plaintiff and defendant, by reason of which the defendant was precluded from recovering upon the cause of action stated in its counterclaim. The evidence was submitted to the court without a jury. The court directed judgment for plaintiff, and judgment was accordingly entered in the sum of $1,264.05.

Upon defendant's counterclaim, the court in substance found that on or about the 28th day of May, 1917, plaintiff sold to defendant 600,000 feet of lumber, and that plaintiff had agreed "to deliver said lumber at stated intervals to the Phœnix Construction Company at Grace, Idaho"; that at the time the defendant purchased said lumber plaintiff knew that the same was "purchased by defendant for the purpose of resale"; and that the whole amount purchased had been resold by the defendant to the Phœnix Construction Company for $7.75 per 1,000 feet in excess of the purchase price that defendant had agreed to pay plaintiff for said lumber; that said Phœnix Construction Company "was ready, able, and willing to accept said lumber," and pay therefor to the defendant the sum of $7.75 per thousand feet in excess of the price paid therefor by defendant; that "notwithstanding the premises, and, although defendant frequently demanded that plaintiff ship said lumber and the whole thereof, pursuant to said contract of purchase and sale, said plaintiff, without cause, did wrongfully fail and refuse to ship and deliver said lumber or any part thereof within the time specified in said contract or otherwise or at all, except 450,653 feet, leaving 149,337 feet thereof unshipped and undelivered, and the terms of the above referred to contract were, to that extent, wholly uncomplied with"; that the defendant had complied with all the conditions in said contract, and, for the reason that plaintiff had failed and refused to ship and deliver said 149,337 feet of lumber, the defendant was damaged in the sum of $1,157.36; "that there was no account stated" between plaintiff and defendant; that according to the stipulations contained in the contract the plaintiff had "agreed to complete said shipments of said lumber on or before the 1st day of September, 1917"; that it wholly failed and refused to ship 149,337 feet on or before said date or at any time.

As conclusions of law the court allowed defendant legal interest on said $1,157.36 from the time of the breach of said contract, amounting to $490.78, and added the same to said principal sum, which, with interest, amounted to the sum of $1,648.15. The court then ordered the $1,264.05 awarded to plaintiff substracted from the greater amount allowed the

defendant, which left a balance in defendant's favor of $384.09, for which amount judgment was directed in favor of the defendant. Judgment for that amount was accordingly entered in favor of defendant, from which plaintiff prosecutes this appeal.

While in its assignments plaintiff assigns numerous errors, yet, in counsel's brief, the assigned errors are condensed to four propositions, which we shall treat in their order.

In this connection we remark that, while the court's findings of fact are assailed in the assignments, yet the assignments in that regard are couched in general terms only; namely, "the court erred in its third finding of fact," etc. In view that it is not contended that there is no evidence in support of the facts as found by the court, and that it is not pointed out in what particular or particulars, as provided by the rules of this court, the findings are not supported by the evidence, we cannot review the assignments relating to the errors in the findings. Our consideration will therefore be limited to the propositions argued in plaintiff's brief.

It is contended that the court erred in holding that the plaintiff had sold to the defendant 600,000 or any number of feet of lumber. In that connection it is insisted that, according to the terms of the contract, the title to the lumber did not pass to the defendant, and hence the court erred in holding that there was an absolute sale. In view of the terms of the contract, the character of the lumber specified therein, the purpose for which it was sold, and that it had to be prepared by plaintiff before delivering, in accordance with the specifications contained in the contract, we are of the opinion that the title to the lumber did not pass until delivery was made. In view, however, that the lumber was purchased for resale by the defendant, of which plaintiff was fully advised at the time it agreed to sell, prepare for delivery and deliver the lumber to the Phœnix Construction Company, the purchaser at the resale, and that the defendant in its counterclaim merely seeks to recover such damages as it may be entitled to for plaintiff's breach in failing to

prepare and deliver the lumber as agreed, we can discover no valid reason why the defendant should not recover damages, at least to the extent that must have been in **2, 3** contemplation of the parties when the contract was entered into, and when the plaintiff was informed that defendant had resold the lumber to the Phœnix Construction Company, and that the same should be delivered by the plaintiff to the latter. While it is true that under certain circumstances it may be important in certain actions whether the title passes to the buyer or not, it, as we shall see, is of no importance, where, as here, the action is for damages for breach of contract merely. For example: If the seller, under a contract like the one in this case, should sue the buyer for the purchase price in case the latter refused to accept the goods sold, then, according to many decisions, the seller could not recover, since he cannot force the buyer to accept the title in such an action. See 5 Elliott on Contracts, § 5092, where the cases are collated. The seller can, however, sue for breach of contract for the buyer's failure to receive and accept the goods, and thus can recover full damages for the breach. Same volume, § 5094. In case the title has passed to the buyer, however, and the seller wrongfully fails or refuses to deliver the goods, then the buyer may sue as for a conversion; or, in a proper case, the action of replevin will lie. 5 Elliott on Contracts, § 5105. Where, however, as in the case at bar, the title does not pass, and the seller knows that the buyer purchases the goods for resale, then, in case the seller fails or refuses to perform the contract, the buyer may recover from the seller the difference between the purchase price and the price the goods were sold for by the **4** buyer, unless, they were sold for an unreasonable or exorbitant price. *Trego* v. *Arave,* 20 Idaho, 38, 116 Pac. 119, 35 L. R. A. (N. S.) 1021, and note; *Messmore* v. *New York Shot & Lead Co.,* 40 N. Y. 422; *Guetzkow Bros. Co.* v. *Andrews & Co.,* 92 Wis. 214, 66 N. W. 119, 52 L. R. A. 209, and note 212, 53 Am. St. Rep. 909; *Osmo Oil Ref. Co.* v. *Cotton Co.* (C. C. A.) 278 Fed. 722; 24 R. C. L. § 345, p. 81. Plaintiff's counsel do not seriously dispute the correctness of the

foregoing measure of damages, and hence it is not necessary to pursue the subject further.

Plaintiff, however, insists that the defendant waived plaintiff's breach of the contract after the breach occurred. Whether that contention is tenable or not depends upon the acts and conduct of the parties subsequent to the making of the contract. There is a large mass of documentary evidence in the form of correspondence between the parties, all of which is supplemented by oral testimony upon which the court's findings are based. The question of waiver in this case is a question of fact depending upon the acts and conduct of the parties to the contract subsequent to the time it was entered into. In view that this is a law case, and it is not contended that there is no evidence in support of the findings, we cannot review the evidence, and hence are bound by the findings of fact in that regard.

It is next contended that the plaintiff did not breach the contract. Whether the contention be sound or not, however, also depends upon plaintiff's acts and conduct, all of which is reflected in the evidence. The court found that the plaintiff did breach the contract without cause, and hence, for the reasons stated why we are bound by the finding that there is no waiver, we are also bound by the finding that the plaintiff breached the contract. In this connection it should be stated, however, that it is true that the court did not make a special negative finding that the defendant did not waive performance of the contract. The court, however, in various findings, found that the plaintiff violated the terms of the contract, and wrongfully refused to perform the same, which is tantamount to a finding that there was no waiver. A negative finding, therefore, could not have accomplished more. Moreover, the question respecting the court's failure to make a special negative finding in that regard is not argued in the brief, and is therefore waived.

It is, however, also contended in this connection that under the terms of the contract the plaintiff was relieved from shipping the lumber at any particular date or dates. The con-

tention is based upon the following clause in the contract, namely:

"The shipper is to be relieved of the obligation to meet the above shipping requirements on the dates as shown only in case of strikes, labor troubles, or other circumstances beyond his control, but the cause or causes producing any such delay or delays must be diligently removed."

The foregoing clause is restrictive. Shipments must be made as stipulated, unless prevented by one or more of the causes stated. There is, however, no evidence in the record that there were any strikes or labor troubles of any kind. There is some evidence that plaintiff was delayed somewhat from other causes, but there is also abundant evidence that those delays were excused by the defendant and by the Phœnix Construction Company. By "excused" we mean that both the defendant and the Phœnix Construction Company were willing to extend the time within which the shipments might be made. Plaintiff's delays in shipping were, however, prolonged to such an extent that the Phœnix Construction Company requested the defendant that, in view that the delivery of the lumber had been so long delayed, shipments be temporarily "suspended." The defendant communicated the request to the plaintiff and asked that the shipments be suspended until further orders from the defendant. The plaintiff replied that the shipments had been suspended, and that it had "canceled your order." The defendant at once notified plaintiff that it did not intend to cancel the order, but had asked for a suspension of the shipments at the request of the Phœnix Construction Company because of the plaintiff's prior delays in making them. To this plaintiff replied that the cancellation of the order was final on its part, and that under the circumstances defendant should not expect plaintiff "to ship the balance at the old price." Plaintiff further stated in the letter that its position was "definite and final, and there will be no need of further correspondence regarding the position we have taken in this matter." Plaintiff thus intended to, and did, end the whole matter by merely canceling defendant's order "at the old .price." It is quite clear that it was the advancing price that

prompted plaintiff's action and nothing else. It, however, now insists that, in view that the defendant had requested that shipments be suspended after the time they should have been completed under the contract, plaintiff was not in default until the defendant had asked it to resume the shipments, which it never did. No doubt the foregoing would have been a valid excuse, if plaintiff had not informed the defendant that under no circumstances would it complete the shipments "at the old price," as plaintiff put it. In view of plaintiff's position, it would have been useless for the defendant to make further requests. Plaintiff had clearly announced in advance that to make the request to resume the shipments would be useless. In view, therefore, that a temporary suspension of the shipments was requested by the defendant, because of plaintiff's delays in making them, and that the plaintiff, upon being asked to temporarily suspend shipments, immediately and arbitrarily canceled defendant's order and refused to make further shipments "at the old price," the district court's conclusions that the plaintiff was in default and that the delays in the shipments were not excused under the provision of the contract referred to are fully justified. Moreover, the plaintiff did not assign the causes enumerated in the contract as causes for its delays in making the shipments until it did so at the trial of the case.

While it is true that there are circumstances in this case which, upon certain phases of it, would justify a conclusion contrary to the one arrived at by the district court, yet, in view of the whole record, and in view that in this class of cases we are prohibited from passing upon the weight of the evidence, and for the reasons hereinbefore stated, we cannot interfere with the court's conclusions.

Finally, it is argued, stating it in counsel's language, that the defendant "was not entitled to recover on its counterclaim because of an account stated between the parties subsequent to the contract in question." While the court's conclusion upon this question is in the form of a finding of fact, it may, nevertheless, stand as a conclusion deduced from the facts. We have carefully considered the documentary evi-

dence submitted to the district court upon this question, and we are clearly of the opinion that what is claimed by plaintiff as constituting an account stated between the parties is manifestly not such. It was not intended as such even by the plaintiff, and, in view of the dealings between the parties, could not have been such, because it was a claim of only a small amount, which the plaintiff claimed was due it from the defendant upon a certain transaction. The defendant, however, convinced the plaintiff that if certain credits were allowed to which it was entitled the particular items claimed by plaintiff as owing to it had in fact been paid. That ended the matter. From an examination of the record relating to the matter we are of the opinion that no disinterested mind could reasonably arrive at any other conclusion than did the trial court.

We have considered all the matters that are argued in plaintiff's brief, and, after doing so, are constrained to hold that the judgment of the district court should be, and it accordingly is, affirmed. Costs to be taxed against the plaintiff.

WEBER, C. J., and GIDEON, THURMAN, and CHERRY, JJ., concur.