## THOMAS et al. v. PERRY IRR. CO.

No. 4027.    Decided April 29, 1924.    Rehearing Denied July 10, 1924.
(227 Pac. 268.)

1.  APPEAL AD ERROR—SEPARATE ASSIGNMENTS OF ERROR REQUIRED.
    Rule 26 requires assignments of error to be served and filed
    as a separate instrument or paper, and controls the preparation
    of the assignments, the preparation of the brief being governed
    by a different rule.[1]

2.  APPEAL AND ERROR—IN EQUITY CASES, OBSERVANCE OF RULE
    RELATIVE TO ASSIGNMENTS OF ERROR IMPERATIVE.    In equity
    cases, observance of rule 26, enumerating what assignments of
    error shall contain, is imperative.

3.  APPEAL AND ERROR—ASSIGNMENTS OF ERROR HELD INSUFFICIENT
    IN SO FAR AS THEY ASSAILED FINDINGS OF FACTS.    Assignments
    of error in general language *held* not in compliance with rule
    26, and insufficient to merit consideration on appeal in so far
    as they assailed findings of fact.[2]

Appeal from District Court, First District, Box Elder
County; *M. C. Harris*, Judge,

Suit by Jacob Thomas and others against the Perry Irriga-
tion Company.    From the judgment rendered, plaintiffs ap-
peal.

AFFIRMED.

*N. J. Harris*, of Ogden, and *B. C. Call*, of Brigham City,
for appellants.

*Le Roy B. Young*, of Brigham City, for respondent.

FRICK, J.

[1] *Holt* v. *Eastern Casualty Co.*, 53 Utah, 543, 173 Pac. 1168.

[2] *Smith* v. *Knauss*, 52 Utah, 614, 176 Pac. 621; *Egelund* v. *Fayter*,
51 Utah, 579, 172 Pac. 313; *Eagle Lumber Co.* v. *Burton Lumber
Co.*, 62 Utah, 491, 220 Pac. 1069; *Western Securities Co.* v. *Spiro*,
62 Utah, 623, 221 Pac. 856.

Plaintiffs brought this action to determine their water rights in a certain stream in Box Elder county, Utah, and to enjoin the defendant from interfering with plaintiffs in the distribution and use of their water rights as claimed by them. The defendant denied plaintiffs' claims, and also set forth with much detail its rights to the waters in question. A trial to the court without a jury resulted in findings of fact, conclusions of law, and decree in favor of the defendant, and plaintiffs appeal.

The findings of fact are divided into 21 separate paragraphs, some of which are very long. Indeed, the findings are very specific, and cover every issue with more than ordinary particularity in such cases. The plaintiffs, in their assignments of error, assail every finding of fact. The defendant, however, insists that the assignments do not comply with rule 26 of this court, in that the assignments do not state in what way the court erred, and in that it is not therein specified in what particulars, if at all, the evidence does not support the findings or is contrary thereto. So that there may be no misconception respecting the form and substance of the assignments of error in this case we take the liberty or reproducing them, so far as they are not specifically abandoned, just as they are found in the record, to wit:

"(2)   The court erred in finding the facts in the last 13 lines of finding No. 4.

"(3)   The court erred in finding the facts set out in finding No. 5.

"(4)   The court erred in finding the facts set out in finding No. 6.

"(5)   The court erred in finding the facts set out in finding No. 7.

"(6)   The court erred in finding the facts set out in finding No. 8.

"(7)   The court erred in finding the facts set out in finding No. 9, beginning with the words 'and thereupon' in the midde of line No. 11 of said finding, and continuing to the end thereof.

"(8)   The court erred in finding the facts set out in finding No. 10.

"(9)   The court erred in finding the facts in its finding No. 11, as follows, to wit:   'And plaintiffs have, without protest accepted said water schedule so issued to them, and have recognized said

water master as the person vested with authority to regulate said water, and have in every way acquiesced in his appointment and in his regulation of said water until the spring of 1922.'

"(10)   The court erred in finding the facts set out in finding No. 12.

"(11)   The court erred in finding the facts set out in finding No. 13.

"(12)   The court erred in finding the facts set out in finding No. 14.

"(13)   The court erred in finding the facts set out in finding No. 15.

"(14)   The court erred in finding the facts set out in finding No. 16.

"(15)   The court erred in finding the facts set out in finding No. 17.

"(16)   The court erred in making its finding No. 18.

"(17)   The court erred in making its finding No. 19.

"(18)   The court erred in making its finding No. 20.

"(19)   The court erred in making its finding No. 21.

"(20)   The court erred in rendering and entering its judgment and decree against the plaintiffs, and in favor of the defendant herein.

"(21)   That the judgment of the court made and rendered herein is erroneous as being contrary to law.

"(22)   That the judgment and decision of the court herein is erroneous, and that the evidence is not sufficient to justify the same for the following reasons."

The foregoing assignments are supplemented by reference to some exhibits and statements of counsel. After reading counsel's statements, however, we are without information with respect to what particular finding of fact is assailed or in what particular or particulars such finding is not supported by the evidence or is contrary thereto. Indeed, the findings are not referred to, but the only specification we have refers to the judgment and decision of the court. The language of the assignment is "that the judgment and decision of the court is erroneous and the evidence is not sufficient to justify the same"; that is to say, the judgment is erroneous and the evidence is insufficient to justify the same. Rule 26 was promulgated to avoid just such general and meaningless assignments of error. In what way do the foregoing assignments aid this court in discovering and correcting the errors that it is alleged the district court committed?

To what part of any particular finding is the assignment directed? True, counsel have printed a subdivision in their brief which they designate "Assignments of Error," but even those, except in possibly one or two instances, do not comply with rule 26. But let it be understood once for all that rule 26 requires the assignments to be served and filed as a separate instrument or paper, and that that rule controls the preparation of the assignments of error, and that the preparation of the brief is governed by some other rule. That the attempt to make assignments of error in a brief without complying with rule 26 is without effect was directly held in the case of *Holt* v. *Great Eastern Casualty Co.*, 53 Utah, 543, 173 Pac. 1168. Rule 26 is specific respecting what the assignments shall contain, and, in view that what is required by it is intended to aid this court in arriving at a just and proper conclusion, its observance is important in all cases where the sufficiency of the evidence is assailed. Its observance, however, is imperative in equity cases in which this court is required to review the evidence, and under certain conditions to direct findings or to modify those made by the court. We must therefore insist that counsel for appellants point out precisely in what particulars the findings are not sustained by the evidence or are contrary thereto. Unless that is done opposing counsel cannot aid this court by referring to the record wherein it is made to appear that the findings in fact are in accordance with the evidence. True, this court can read the whole record; but even if it does that it is still in the dark respecting the particular evidence or want of evidence on which appellants rely for a reversal or modification of the findings and judgment. Where the assignments of error are couched in general terms this court must always discharge the duties of counsel in searching the record, and must act upon its own responsibility, and, after doing so, it may, under certain circumstances, discuss portions of the evidence not relied on by appellants, and which, for good and sufficient reasons, may not have been considered by the trial court in making the findings. Counsel, in this court, with unfailing

diligence in their applications for rehearings, promptly point out any oversight or inadvertence of this court, and insist on the enforcement of all rules favorable to their clients' causes. While we do not only approve but unhesitatingly commend the foregoing practice, yet, upon the other hand, in order that justice may be administered properly and expeditiously, we must also insist that counsel observe and follow rule 26 as it is written. We have had frequent occasion to call attention to that rule, and that its observance is of paramount importance in the administration of justice. Among other cases, we again direct attention to *Smith* v. *Knauss*, 52 Utah, 614, 176 Pac. 621; *Egelund* v. *Fayter*, 51 Utah, 579, 172 Pac. 313; *Eagle Lumber Co.* v. *Burton Lumber Co.*, 62 Utah, 491, 220 Pac. 1069; and *Western Securities Co.* v. *Spiro*, 62 Utah, 623, 221 Pac. 856. In the last two cases the assignments of error were in form almost precisely like those in this case, and we there held that they were insufficient. Upon the authority of the foregoing          3 cases, therefore, we are forced to hold that the assignments of error in this case, in so far as they assail the findings of fact, are insufficient.

Nor is there any merit to the assignments assailing the judgment or decree for the alleged reason that the same is not supported by the findings. As before stated, the findings were carefully prepared, and cover every phase of the pleadings and the evidence, while the conclusions of law, in so far as that is possible by the use of general language in which the conclusions of law and judgment are generally couched, strictly conform to the findings. Moreover, in view that the controversy in this case relates to the use of water from a stream which is not of sufficient volume to permit each water user to segregate and take his portion of the water directly from the stream, but requires that all the water users take the whole stream a certain period of the time in rotation, we feel constrained to hold that the judgment seems not only to be just and fair to all, but that it carefully guards against any injustice in the future by the appointment of a disinterested commissioner whose duty it is to apportion the water

among the users, and especially in retaining jurisdiction over the stream and the distribution of the water thereof.

In view of what has been said, therefore, it follows that the judgment should be, and it accordingly is, affirmed with costs.

WEBER, C. J., and GIDEON, THURMAN, and CHERRY, JJ. concur.