(May 27, 1924.)

## PETER BAIN, Appellant, v. CHRIS O. OLSEN and HATTIE OLSEN, Respondents.

[226 Pac. 668.]

APPEAL AND ERROR—ASSIGNMENT OF ERRORS—SUFFICIENCY OF SPECI-
FICATIONS—REVIEW—EXAMINATION OF ALLEGED ERRORS.

    1. An appellate court will not review an assignment which does
not point out the particulars in which the alleged error consists.

    2. An appellate court must content itself with examining al-
leged errors specifically pointed out; it cannot wade through the
record and search the law relating to the subject involved to
determine if error was committed by the trial court.

APPEAL from the District Court of the Sixth Judicial
District, for Bingham County. Hon. Ralph W. Adair,
Judge.

Action to foreclose mortgage on real property. Judgment
for defendants. *Affirmed.*

W. A. Beakley, for Appellant.

W. P. Hanson and E. O. Thompson, for Respondents.

Counsel cite no authorities on points decided.

WM. E. LEE, J.—This is an appeal from a judgment of
the district court for respondents in an action to foreclose a
mortgage on real property. Appellant alleged the execution
and delivery of the note and mortgage to one John Mac-
Mullin; that MacMullin, for a valuable consideration, in
due course of business, sold and assigned the note and mort-
gage to him, before maturity; that he is the lawful owner
and holder thereof; and that the whole sum of principal and
interest is due and unpaid. Respondents admitted the exe-
cution of the note and mortgage, but denied that, in due
course of business, or otherwise, they delivered the instru-
ments to MacMullin for the purpose of transferring title

therein, and respondents alleged that the instruments were delivered to MacMullin for the purpose of enabling him to complete a farm loan, theretofore applied for. It is further alleged that MacMullin was president of the Idaho Cattle Loan Company, and held himself and the company out as being able to negotiate and effect farm loans; and that, at the time of the negotiations for the loan and the delivery of the note and mortgage, appellant was in the employ of the company, or MacMullin, and knew why the note and mortgage were executed and delivered, and knew that they were not delivered for the purpose of passing title to Mac-Mullin, but solely for the purpose of enabling Mac-Mullin, or the company, to complete the desired loan. It is also alleged that the assignment of the mortgage was made to appellant without any consideration, and with intent to defraud respondents; that appellant was not a holder in good faith; that the loan was never made and nothing was ever paid respondents, and that the consideration for which the note and mortgage were originally delivered has entirely failed; that the transfer to appellant was not made in good faith; that appellant, at the time of the transfer to him, knew that it was for the purpose of defrauding respondents; and that respondents have been defrauded thereby. Appellant submitted evidence tending to support the allegations of his complaint, and respondents submitted evidence tending to sustain their contentions.

The court found, among other things, that the note and mortgage were delivered to the original payee for the specific purpose of enabling him to complete a farm loan, and not for the purpose of otherwise transferring the said instruments; that appellant was not a holder in due course; that no consideration passed from appellant to the original payee; that the note and mortgage were negotiated for the purpose and with the intention of defrauding respondents; and that appellant was an employee of the original payee and knew the objects and purposes for which the note and mortgage were executed, and knew that the original payee had given no consideration whatever for the note and mort-

gage. Among other things, the court concluded that appellant had full knowledge of the transaction by which the note and mortgage were originally obtained; that appellant was not a holder in good faith or an innocent purchaser for value; that there was no valid delivery of the note and mortgage to appellant; that title thereto did not pass to him; and that respondents were entitled to judgment. Upon the findings and conclusions, judgment was entered in favor of respondents and against appellant.

There is a sharp conflict in the evidence. However, insufficiency of the evidence is not assigned as a ground for reversal, and, in the absence of such an assignment, this court will not examine the evidence to determine if it is sufficient. The assignments of error are as follows:

"The court erred in its findings of fact numbers I, II, IV and V.

"The court erred in its conclusions of law numbered I, II, III and IV.

"The court erred in entering judgment in favor of the defendants and against the plaintiff for the said judgment is contrary to the evidence in this case and against the law governing real estate mortgages and notes under the laws of the State of Idaho."

There were two things which the trial court could have done in the determination of this case, depending upon whether it believed the evidence adduced by appellant or that adduced by respondents. The court believed the evidence produced by respondents, and made the only findings that could have been made in view of that fact. The court, therefore, did not err "in its findings of fact." The conclusions of law necessarily result from and follow the findings, and consequently the court did not err "in its conclusions of law." The court did not err in entering judgment in favor of respondents and against appellant, because the judgment was the only proper judgment that could have been made and entered in view of the findings and conclusions. (*Hill v. Porter,* 38 Ida. 574, 223 Pac. 538; *Morton Realty Co. v. Big Bend I. & M. Co.,* 37 Ida. 311, 218 Pac.

433.    See, also, *Western Securities Co. v. Spiro,* 62 Utah, 623, 221 Pac. 856; *Eagle Lumber Co. v. Burton Lumber Co.,* 62 Utah, 491, 220 Pac. 1069; *Smith v. Knauss,* 52 Utah, 614, 176 Pac. 621.)

Appellant suggests, however, in his assignments, that the court erred in entering the judgment in that "the said judgment is contrary to the evidence in this case and against the law governing real estate mortgages and notes under the laws of the state of Idaho." This assignment is manifestly insufficient; it is too general, and more properly relates to the findings of fact. However, there is no specification of the particulars wherein the "judgment is contrary to the evidence"; or in which the judgment is "against the law governing real estate mortgages and notes under the laws of the state of Idaho." Many volumes have been written on the subject of notes and mortgages, and there is considerable statutory law on these subjects. An appellate court must content itself with examining alleged errors specifically pointed out; it cannot wade through the record and search the law relating to the subject involved to determine whether any error was committed by the trial court. In this case, however, it is apparent from the record that substantial justice was done.

Judgment affirmed. Costs to respondents.

McCarthy, C. J., and Budge and William A. Lee, JJ., concur.