## FULLER v. BURNETT

No. 4313.   Decided Feb. 5, 1926.   (243 P. 790.)

1. APPEAL AND ERROR—THAT FINDINGS WERE NOT IN ACCORD WITH EVIDENCE HELD INSUFFICIENT ASSIGNMENT AND SPECIFICATION OF ERROR IN ASSAULT AND BATTERY ACTION.  In action for assault and battery, where court sitting without jury found defendant did not act in self-defense, objection that finding was "not in accord with the evidence" *held* insufficient assignment and specification of error. [1]

2. TRIAL—FINDINGS OF TRIAL COURT, BEING ULTIMATE FACTS, MAY BE DRAWN AS CONCLUSIONS FROM OTHER FACTS.  Findings of trial court sitting without jury should be limited to ultimate facts to be ascertained, and are none the less findings of fact because drawn as conclusions from other facts. [2]

[1] *Smith* v. *Knauss*, 176 P. 621, 52 Utah, 614.

[2] *Sierra Nevada Lumber Co.* v. *McCormick*, 106 P. 666, 37 Utah, 150; *Kahn* v. *Central Smelting Co.*, 2 Utah, 371.

Appeal from District Court, Second District, Weber County; *George S. Barker*, Judge.

Action by Enoch E. Fuller against Matthew Burnett. From a judgment for plaintiff, defendant appeals.

AFFIRMED.

*John G. Willis*, of Ogden, for appellant.

*Pratt & Pratt*, of Ogden, for respondent.

CHERRY, J.

After a trial before the court without a jury, the plaintiff had judgment against defendant for $260 damages for an assault and battery, to which a plea of self-defense had been in-

Corpus Juris-Cyc. References.

[1, 2]   Appeal and Error 3 C. J. p. 1381 n. 14; 4 C. J. p. 878 n. 81.   Trial 38 Cyc. p. 1981 n. 58, 59.

terposed. From the judgment, defendant has appealed. The trial court made and filed its findings of fact, in which, after finding that the defendant assaulted and struck the plaintiff, it found that the acts "were not induced by an act or acts upon his (plaintiff's) part," and that "said defendant * * * did not strike the plaintiff with his fist nor hit the plaintiff over his head with said iron rod in the defense of his (the defendant's) person, nor to prevent the plaintiff from committing any bodily injury or harm to him (the defendant)." The errors urged are (1) that the findings above quoted are "not in accord with the evidence," and (2) that they are "not findings of fact but conclusions from facts shown." The assignments of error upon which the appellant relies are merely "that the court erred in making its finding of fact No. II" and "* * * No. IV." The first objection fails for lack of sufficient assignment and **1,2** specification (*Smith* v. *Knauss,* 176 P. 621, 52 Utah, 614), and for the further reason that there is ample evidence to support the findings. The second complaint is no objection at all. Findings should be limited to the ultimate facts to be ascertained (*Sierra Nevada Lbr. Co.* v. *McCormick,* 106 P. 666, 37 Utah, 150), and such findings are none the less findings of fact because drawn as conclusions from other facts (*Kahn* v. *Central Smelting Co.,* 2 Utah, 371; *Caywood* v. *Farrell,* 51 N. E. 775, 175 Ill. 480).

Judgment affirmed.

GIDEON, C. J., and THURMAN, FRICK, and STRAUP, JJ., concur.