[No. 14404.   Department One.   April 29, 1918.]

KAHLOTUS GRAIN & SUPPLY COMPANY, *Appellant,* v.
JOHN BLAIR, *Respondent.*[1]

EVIDENCE—PAROL EVIDENCE—EXECUTION OF CONTRACT.   Oral evidence tending to show that no contract was in fact entered into by defendant is not inadmissible as tending to vary .the terms of a memorandum of sale purporting to be signed by defendant's agent, the issue being whether the agent was acting for defendant or a third person.

FRAUDS, STATUTE OF — MEMORANDUM OF SALE — DESIGNATION OF PARTIES.   A memorandum of the sale of wheat signed by the seller, must designate the purchaser, in order to satisfy the statute of frauds.

Appeal from a judgment of the superior court for Franklin county, Truax, J., entered May 18, 1917, upon the verdict of a jury rendered in favor of the defendant, in an action on contract.   Affirmed.

*M. L. Driscoll* and *Tustin & Chandler,* for appellant.
*Timothy A. Paul,* for respondent.

[1]Reported in 172 Pac. 818.

PARKER, J.—The plaintiff company seeks recovery of damages from the defendant, Blair, which it claims as the result of his failure to furnish and deliver wheat to it in compliance with a written memorandum of contract for the sale thereof, which memorandum with the signature thereto, the plaintiff claims, reads as follows:

"8/5/16

"Bot from John Blair 1000 sax early Bart Wheat at 1.02 sacked per bushel 1916, October Delivery to Kahlotus Grain & Supply Co.

"(Signed) John Blair,
"Kahlotus Grain & Supply Co.,
"Filed 8-10-16          A. F. Phillipay, Mgr."

Trial in the superior court for Franklin county, sitting with a jury, resulted in verdict and judgment in favor of the defendant, from which the plaintiff has appealed to this court.

The plaintiff, in its complaint, having pleaded by copy the contract as above quoted, respondent demurred to the complaint upon the ground, among others, that the written memorandum pleaded is void and unenforcible as a contract, in that it does not comply with our statute of frauds. The demurrer being by the court overruled, respondent answered, denying, in effect, that the contract pleaded was ever executed or entered into by the parties purporting to have signed it, and affirmatively alleged:

"(1) That no note or memorandum in writing of the alleged bargain for the sale of said wheat was made or signed by the defendant herein or by any person by him thereunto lawfully authorized.

"(2) That said alleged contract evidenced by said 'Exhibit A' is void and not binding upon said defendant."

While it is conceded that, on August 5, 1916, the respondent signed the memorandum above quoted, it

was conclusively proven by the testimony and admissions of A. F. Phillipay, the manager of appellant, that he wrote the words and figures following the signature of respondent upon the memorandum sometime in the month of September, a month or more after the signing of it by respondent, and that, up to that time, no writing was upon the paper following the signature of respondent. It is also conclusively shown that respondent had no knowledge whatever of any writing or signature of any one having been put upon the memorandum following his own signature until sometime after Phillipay had written the additional words and figures thereon. In so far as the entering into the contract between appellant and respondent became a question of fact, apart from the question of the statute of frauds, the evidence was directed almost wholly to the question of whether the contract as made, or attempted to have been made, was one between respondent and Phillipay, as agent of appellant, or one between respondent and Phillipay, as agent of one Houser.

The contentions of counsel for appellant are directed almost wholly to their claims that the trial court erred in refusing to strike out all evidence received upon the trial other than that relating to the difference between the contract price of the wheat, as shown by the memorandum, and its market value on October 31, 1916, which would determine the amount of appellant's recovery, if any, it being conceded that no wheat was delivered by respondent to appellant; and that the trial court erred in refusing to direct the jury to find in appellant's favor, leaving only the amount of its recovery to be determined by the jury. The argument is, in substance, that all of this evidence was, in effect, evidence tending to vary and contradict the terms of the written memorandum of contract of sale. A critical statement of the evidence might show that some of it could possi-

bly be regarded as tending to vary the terms of a contract made, or attempted to be made, between respondent and Phillipay, as agent for Houser. That, however, is not the contract here sued upon. In so far as the evidence touched the question of the making or attempted making of such a written contract, or the varying of its terms, if it was made, the evidence was material to this controversy upon the question of whether the alleged contract between respondent and Phillipay, as agent of appellant, was in fact made. It seems to be the settled law that the receiving of evidence for the purpose of disputing, and which tends to dispute, the actual making of the contract sued upon is *not in violation of the rule excluding evidence varying or contradicting the terms of a written instrument.* 20 Cyc. 319. In so far as the making of the alleged contract between respondent and Phillipay, as agent of appellant, is concerned, respondent denied the making of any such contract. He was not trying to vary the terms of any such contract, though his evidence did tend to show that the written memorandum had reference to another contract in terms differing somewhat from the memorandum, but this evidence did tend to show that there was in fact no contract entered into between respondent and appellant. All negotiations were had between respondent and Phillipay, and the evidence fully warranted the jury in believing that, in all such negotiations, respondent believed that Phillipay was acting as agent for Houser and not for appellant. The jury manifestly, as their verdict shows, believing this, might well conclude that there never was any contract between respondent and appellant.

It might well be argued that there could, in no event, be any recovery upon this memorandum as a contract because it fails to name a purchaser, especially when read apart from the signature of appellant, which was

placed on the paper long after the date of its signing by respondent and without his knowledge. Conceding, for argument's sake, that it might not have been necessary for a purchaser to sign the memorandum to render it enforcible against respondent, in so far as the statute of frauds is concerned, it, of course, was necessary that a purchaser as well as a seller should be designated in the memorandum to satisfy the statute. *Arbogast v. Johnson*, 80 Wash. 537, 141 Pac. 1140. However, we leave this question undecided.

The judgment is affirmed.

ELLIS, C. J., FULLERTON, MAIN, and WEBSTER, JJ., concur.