## WILSON & CO. v. GUYON.

No. 3897.  Decided June 20, 1923.  (216 Pac. 1078.)

1. APPEAL AND ERROR—ASSIGNMENTS OF ERROR NOT BRIEFED ARE WAIVED.  Where nothing is said in the brief as to assigned error in the admission of an exhibit in action for goods sold, the assignment is waived.

2. APPEAL AND ERROR—ASSIGNMENT OF ERROR AS TO INSUFFICIENCY OF EVIDENCE TO SUSTAIN FINDINGS NOT CONSIDERED IN ABSENCE OF REFERENCE TO EVIDENCE.  Where assignments of error relating to insufficiency of evidence to justify findings but make no reference to the evidence nor disclose in what respect it was insufficient, the assignments cannot be considered.

Appeal from District Court, Second District, Weber county; *George S. Barker,* Judge.

Action by Wilson & Co. against Thomas H. Guyon, etc.  Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*John G. Willis*, of Ogden, for appellant.

*W. H. Reeder, Jr.*, and *John Sneddon*, both of Ogden, for respondent.

FRICK, J.

The plaintiff brought this action to recover judgment against defendant for certain goods, wares, and merchandise which plaintiff alleged it had sold and delivered to the defendant and for a portion of which the latter had failed and refused to pay. Plaintiff prayed judgment for the amount remaining unpaid.

The defendant, in his answer, admitted that the plaintiff had sold and delivered to him certain merchandise, but denied that it had sold and delivered the merchandise sued for, and, as a separate defense, pleaded payment for all of the merchandise purchased and delivered as aforesaid.

The cause was tried to the court without a jury. The court found the issues in favor of plaintiff and made conclusions of law and entered judgment accordingly, from which the defendant appeals.

The errors assigned are: (1) "The court erred in making its finding of fact No. 3." Assignments 2 and 3 are precisely in the language of assignment No. 1, except that they relate to findings Nos. 4 and 5. Assignment No. 4 reads: "The court erred in concluding as in its conclusion No. 1." Assignment No. 5: "The court erred in admitting over defendant's objection Exhibit C." And No. 6, that the court erred in entering judgment for the plaintiff.

In appellant's brief, which consists of 1⅓ pages of printed matter, nothing is said concerning Exhibit C, and therefore that assignment is waived. Assignments Nos. 1, 2, and 3, clearly relate to the insufficiency of the evidence to justify the findings, and in view that they make no reference to the evidence whatever, and do not disclose in what particulars or respect the evidence is insufficient, those assignments, under the repeated decisions of this court, can-

not be considered, and we pass them without further comment, except to say that all that is said in appellant's brief with respect to the matter is:

"So, when we consider this, in connection with the testimony of the witness Fish and his lack of authority to buy lard, and that of the defendant, it is apparent that there is a lack of evidence, forming the basis of the findings of fact with respect to the lard, and that they were erroneously made."

That is all that is said respecting the evidence. It is wholly insufficient to authorize us to examine into the evidence to ascertain in what particular, if at all, it fails    2 to support the court's findings. If therefore the findings of fact must stand, the court's conclusion of law follows as a necessary corollary, and so does the judgment.

It follows therefore that no error is made apparent. This necessarily leads to the affirmance of the judgment. Such is the order. Respondent to recover costs on appeal.

WEBER, C. J., and THURMAN, GIDEON, and CHERRY, JJ., concur.