In re APPLICATION 7600 TO APPROPRIATE 30 SECOND FEET OF WATER.

No. 4083.   Decided April 14, 1924.   (225 Pac. 605.)

1.  WATERS AND WATER COURSES—TRIAL DE NOVO ON APPEAL FROM DECISION OF STATE ENGINEER. On appeal from a decision of the state engineer relative to water rights to the district court, the trial should be de novo, and limited to the particular questions decided by the engineer.

2.  WATERS AND WATER COURSES—APPEAL FROM STATE ENGINEER'S DECISION HELD IN TIME. Where the only notice of a decision of the state engineer denying a protest against application for water rights and extension of time to complete work thereon, was a letter from the state engineer to protestant's attorney, protestant's appeal more than 60 days thereafter, in the absence of proof that the notice was received, or that it was properly addressed with postage prepaid, was taken in time, notwithstanding Laws 1919, c. 67, § 54, requiring appeals within 60 days.

3.  APPEAL AND ERROR—EVIDENCE—PARTY RELYING ON CONSTRUCTIVE NOTICE OF DECISION MUST PROVE PROPER ADDRESS AND PAYMENT OF POSTAGE, THESE MATTERS NOT BEING JUDICIALLY NOTICED. If constructive notice of decision of state engineer by reason of mailing of notice to the opposing party is relied upon, as limit-

ing time for appeal, prepayment of postage and mailing to respondent's proper address, as provided in Comp. Laws 1917, § 7027, must appear, and these matters cannot be judicially noticed.

4. WATERS AND WATER COURSES—STATE ENGINEER AUTHORIZED TO EXTEND TIME TO COMPLETE CONSTRUCTION WORK. Under Laws 1919, c. 67, § 52, allowing the state engineer to set the time within which construction work on water rights should be completed, not exceeding 14 years, allowing appeal from his decisions to the district court, and providing for extension after petition and hearing in the district court, the engineer may grant reasonable extensions within the 14-year period.

5. WATERS AND WATER COURSES—HOW APPEAL FROM DECISION OF STATE ENGINEER TAKEN. An appeal from a decision of the state engineer, under Laws 1919, c. 67, § 54, should be taken as provided in cases of appeal from the justice to the district court, and within 60 days from the time the aggrieved party receives actual or constructive notice of the order from which the appeal is taken.

6. WATERS AND WATER COURSES—ANY APPROPRIATE ACTION TO CORRECT STATE ENGINEER'S DECISION IS REASONABLE COMPLIANCE WITH STATUTE. In view of the incompleteness and uncertainty of Laws 1919, c. 67, § 54, as to the manner of taking an appeal from decisions of the state engineer, any appropriate action to correct the wrong complained of brought within 60 days, is reasonable compliance.

7. APPEAL AND ERROR—SUPREME COURT'S REVIEW OF CASE DECIDED ON LAW QUESTIONS, CONCLUSIVE AS TO SUCH QUESTIONS ONLY. Supreme Court's review of a case, decided below solely on questions of law, is conclusive only as to those questions.

Appeal from District Court, Fifth District, Juab County; *Thos. H. Burton*, Judge.

Application to the State Engineer for extension of time to complete work under application 7600 to appropriate 30 second feet of water. An order of the State Engineer, denying a protest and reaffirming an order granting extension of time, was reversed, on appeal, by decree of the district court, and the Granite Irrigation Company appeals.

REVERSED AND REMANDED WITH DIRECTIONS.

*Stewart, Alexander & Budge,* of Salt Lake City, for appellant.

*Wm. B. Higgins,* of Fillmore, for respondents.

THURMAN, J.

This is a controversy concerning two applications for water rights filed in the office of the state engineer. The applications are numbered and designated respectively 7600 and 8925. Appellant claims under the former; respondents under the latter, 7600 was filed January 4, 1919, and was approved by the state engineer May 27, 1919, on condition that actual construction begin within six months and be completed on or before March 1, 1922. 8925 was filed November 2, 1921, and on December 29th of the same year applicant thereunder also filed protest against 7600 and against allowing an extension of time to complete the work. The protest was supported by affidavits. Counter affidavits to this protest were filed by applicant for 7600 January 26, 1922. 8925 was approved February 27, 1922, on condition that actual construction work begin within six months and be completed on or before September 1, 1924.

On February 28, 1922, applicant for 7600 made application for an extension of time for a period of one year to complete the work, or until March 1, 1923. This application was granted subject to the determination of the protest hereinbefore referred to. Protestant also filed a supplemental protest against 7600 March 6th of the same year.

On October 11, 1922, the state engineer, after a field investigation and consideration of other evidence, denied the protest filed under 8925, and reaffirmed its order extending time to 7600. On the same day that this order was made the state engineer dictated a letter, a copy of which is in the record, directed as follows: "Judge C. W. Morse, Kearns Building, City." The letter purports to be a notice of the decision rendered by the state engineer overruling the protest filed under 8925.

Application 7600 was assigned to the Granite Irrigation Company, appellant here, December 23, 1919, and record thereof made on the same day in the office of the state engineer.

Application 8925 was assigned to S. F. Falkenberg and W. N. Lord, respondents here, October 1, 1922. This assignment also appears of record in the office of the state engineer.

On December 6, 1922, W. B. Higgins, attorney at law, appearing for Falkenberg and Lord, served formal notice of appeal on the state engineer, appealing from the decision of October 11, 1922 to the district court of Juab county. This notice was filed in the district court December 8th of the same year. The files of the state engineer pertaining to the case were also forwarded to the district court and filed therein. No formal notice of appeal was ever served on the Granite Irrigation Company, but informal notice was given to its attorneys, Stewart, Stewart & Alexander, December 19, 1922.

The district court to whom the case was tried without a jury entered findings, conclusions, and decree in favor of protestants Falkenberg and Lord. The Granite Irrigation Company appeals.

Before proceeding to the trial of the case on its merits in the court below appellant here, by formal motion, challenged the jurisdiction of the court to hear the cause on the ground that the Granite Irrigation Company had not been served with notice of appeal, nor had an undertaking been filed, as required by law.

Chapter 67, § 54, Sess. Laws Utah 1919, which authorizes an appeal in cases of this kind, reads as follows:

"In any case where a decision of the state engineer is involved, the individual, corporation or association affected by such decision, shall have sixty days to appeal therefrom to the district court, counting from the date when notice of said decision is given to said individual, corporation or association. If an appeal be taken, the individual, corporation or association making such appeal shall immediately notify the state engineer thereof, and thereafter the state engineer shall take no further action in the case until the court has passed upon the question involved. Immediately upon the rendering of the judgment of the court in such case, a copy

thereof shall be filed with the state engineer by the clerk of said court, and thereafter the state engineer shall proceed in accordance with such judgment. If no appeal be taken within the time specified, the decision of the state engineer shall be final. Should no notification of appeal be filed with the state engineer, as provided in this section, he shall proceed as if no appeal were taken."

It will be noted that the statute, as to the manner of taking an appeal, is incomplete, indefinite, and uncertain, except that the appeal must be taken within sixty days counting from the date when the notice is given to the party affected by the decision.

Appellant here earnestly contends that as the statute is not definite and certain it must have been intended by the Legislature that the appeal should be taken as provided for appeals from justices' courts to the district courts, or from district courts to the Supreme Court, that is, by filing notice in the court appealed from and serving a copy thereof on the adverse party.

We seriously doubt that the Legislature intended anything more than that some kind of proceeding should be instituted in the district court, within the time prescribed, for the purpose of determining the question involved, whether it be a question of law or a question of fact. In any event the trial in the district court should be a trial de novo, and limited to the particular question decided by the state engineer. However, we will deal with the question as it is presented here and assume that the statute quoted contemplates that the appeal should be taken as appellant contends.

If it is proper, by analogy, to adopt the regular court procedure as to the manner of taking an appeal then, by the same token, other requirements which constitute the basis of an appeal should also be adhered to and strictly followed. Considering the question from this point of view there are perhaps more reasons than one why appellant's challenge to the jurisdiction of the court below was properly overruled. It does not appear from the record that either the appellant here, or its attorneys, ever gave any notice to the protestant of the decision of the state engineer. The notice given, if

given at all, was given by the state engineer and not by the prevailing party or its attorneys.

The statutes providing for the giving of notice in civil procedure contemplate that it shall be given in writing by the prevailing party, or his attorney, and not by the tribunal rendering the decision. It is the giving of the notice by the prevailing party that sets in motion the time within which the adverse party must appeal where the time for appeal runs from the giving of the notice. If no sufficient notice was given of the decision appealed from in this case, then protestant's appeal was taken in time. We are not inclined, however, on this appeal to hold that notice given by the state engineer would not set the time for appeal in motion in cases of this kind. We merely cite the above example to illustrate the weakness of the reed upon which appellant leans in resorting to other statutes by way of analogy.

There is however in our opinion an unanswerable argument against appellant's position that the appeal was not taken in time. As before stated, no notice of the decision whatever was given, except the letter of the state engineer of October 11, 1922, directed to ''Judge C. W. Morse, Kearns Building, City.'' Conceding that Judge Morse was the attorney of protestant and that notice served upon him would have been sufficient there is no evidence, as I read the record, that he ever received the notice. If constructive no-      2 tice is relied on from the fact that such notice was mailed to him, then it should satisfactorily appear that it was mailed to him postage prepaid, at his proper address, as provided in Comp. Laws Utah 1917, § 7027, which reads:

"In case of service by mail, the notice or other paper must be deposited in the postoffice, addressed to the person on whom it is to be served at his office or place of residence, and the postage paid. The service is complete at the time of the deposit, but if within a given number of days after such service a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done is extended one day for every twenty-five miles distance between the place of deposit and the place of address; such extension, however, not to exceed thirty days in all."

The record is entirely silent as to the proper address of Judge Morse or that the postage was prepaid, and it is not a matter of which this court can take judicial notice. Until either actual or constructive notice was received by protestant his time within which to take the appeal did not begin to run.

In addition to the reasons above set forth it is extremely doubtful whether the notice relied on would have been sufficient, even if it had been conclusively proven that the letter was directed to the proper address. See Comp.      3 Laws Utah 1917, §§ 7025 to 7027, inclusive, relating to notice, filing, and service of papers. The statute referred to seems to contemplate other modes of service than by mail, when practicable, where the parties reside in the same place. This question is, however, reserved without decision.

Appellant's motion to dismiss for want of jurisdiction was properly overruled.

This brings us to a consideration of the case on its merits. The concrete question to be determined is: Did the state engineer have power to grant an extension of time to application 7600 within which to complete the work beyond the time originally fixed by the state engineer when he approved the application? Appellant contends that the state engineer had power to extend the time; respondent contends to the contrary. Whether or not the state engineer had the power depends of course upon the statute by which the case is controlled. Appellant insists that the power is conferred by Session Laws 1919, and also by Comp. Laws 1917, in force at the time application 7600 was filed in the office of the state engineer. Respondent's contention is that the power of the state engineer to extend time for completing, the work is governed solely by Laws 1919, c. 67, § 52, which reads as follows:

"In his indorsement of approval on any application, the state engineer shall require that actual construction work must begin within six months from the date of such approval, and shall state the time within which the construction work shall be completed, and the time within which the water shall be applied to beneficial use. Any applicant feeling himself aggrieved by the indorsements which

the state engineer has made upon his application may appeal therefrom to the district court. The construction of the works shall be diligently prosecuted to completion and the water applied to beneficial use, within the time fixed by the state engineer, not exceeding fourteen years from the date of the approval of the application; provided, extension thereof may be ordered after petition and hearing, by the district court."

It is contended by respondent that when the time is once fixed by the state engineer within which to complete the work and put the water to a beneficial use, his power in that regard is exhausted and that thereafter the time cannot be extended except by petition to the district court, as provided in the last sentence of the section quoted. The language of the statute without other considerations to aid us in its interpretation is plainly susceptible of respondent's interpretation; but, when we consider the operation of former statutes relating to the same subject and the consequences which would result from respondent's interpretation, we are forced to the conclusion that the Legislature could not have intended that the statute should be construed as respondent contends. It is true that under previous statutes relating to the subject the state engineer was given express power to make extensions from time to time for the completion of the work when proper showing was made therefor, but in our opinion this fact does not conclusively determine the true interpretation. That the state engineer is a competent judge, and probably more competent to determine the necessity for extending the time than anyone else, from the very nature of his position, ought to be conceded without serious question. Such has been his practice under the present statute since its enactment in 1919. That reasonable extensions from time to time are necessary is clearly shown in the record before us. In his letter addressed to C. W. Morse, to which reference has been made, he states the fact to be that during the three years next preceding the trial in the district court he had found it necessary on account of financial conditions to extend the time in 75 per cent. of the applications filed in his office. In the very nature of things it is impossible for the engineer to foretell in advance just how long it will require

to complete the work and put the water to a beneficial use. Respondent's interpretation of the statute, if put into practice, would unquestionably have the effect of inducing the state engineer to fix in the beginning a longer time to complete the work than, probably, ought to be given under the circumstances. Applicants would make it an excuse for urging a liberal allowance of time, and it would be difficult to resist their importunities. It must be conceded that it would be much more expensive and troublesome to applicants to be compelled to resort to the district court where they would have to employ lawyers, subpœna witnesses, and pay them per diem and mileage than it would be to have their applications determined by the state engineer, upon affidavits, and, perhaps, without attorneys, as has often been done in the past.

As before stated, at all times heretofore it has been the practice of the state engineer to extend the time, on a reasonable showing made, and if there has been any abuse of the power it has not become a matter of common knowledge. In fact, under every previous statute as well as under the present, the applicant has had the right of appeal to the district court whenever he felt aggrieved at any order of the state engineer. This right of appeal is a complete and effective check upon any abuse of power, by the state engineer. If then the applicant has a right of appeal, or other form of action, by which he can carry the matter to the district court whenever he chooses for the correction of a wrong, why place an interpretation upon the statute which may compel him to go into court when he might prefer a simpler remedy and one far less troublesome and expensive? Respondent's position would be immeasurably stronger than it is if there were no right of appeal allowed for every substantial grievance.

In addition to the reasons above enumerated there is another reason equally strong which appeals to the mind of the court. Under the Constitution an appeal may be taken to this court from all final judgments of the district court. If the applicant is compelled to resort to the district court in every case where he desires an extension of time within which to

complete the work it means that not only will the business
of that court be greatly multiplied and increased, but the
business of this court as well, the worst feature of which
condition would be a total suspension of work on the project
during the time the case is pending in court. Under these
circumstances it is easy to conceive that an ordinary project
that ought to be completed within a matter of two or three,
years might be almost indefinitely prolonged on account of
interminable litigation. This court should seriously consider
these probable consequences while trying to arrive at a correct
interpretation of the law.

In view of these considerations the court is of opinion that
the Legislature could not have intended to take away from
the state engineer the power to grant reasonable extensions
as the same might be necessary from time to time within the
14-year period fixed by the statute. After that, the
statute is conclusive that the state engineer's power is          4
exhausted, and if the applicant desires further time he
is compelled to apply to the district court. We believe the
statute is clearly susceptible of this interpretation. There is
nothing in the language employed which precludes it, and,
as it accords with reason, common sense, and justice to the
parties concerned, whether they be applicants, protestants, or
the public generally, we are forced to the conclusion that
such must have been the intention of the Legislature.

Having reached this conclusion, it is unnecessary to de-
termine whether appellant might not have prosecuted its
right under the law of 1917 in force at the time application
7600 was filed. The repealing clause (section 79, c. 67, Laws
1919) reserves the right to proceed under either statute.

The trial court assumed that the law of 1919 was controll-
ing and interpreted the statute in accordance with the con-
tention of respondent here. The judgment of the trial court
had the effect of postponing appellant's priority and making
it subsequent to that of respondents. In this respect the
court erred, and the error was fundamentally prejudicial.

Before concluding this opinion, for the benefit of both
bench and bar, it is important that this court make its posi-

tion clear as to the manner of reaching the district court in matters arising in the office of the state engineer. We are of opinion if the case is carried up on appeal the appeal should be taken as provided in cases of appeal from the justice's court to the district court and that it should be taken within 60 days from the time the aggrieved party receives actual or constructive notice of the order from which the appeal is taken. We are also of opinion, in view of the incompleteness and uncertainty of the statute, that any appropriate action to correct the wrong complained of, brought within the time prescribed, would be a reasonable compliance with what was intended by the Legislature.

As the court below decided the case solely upon questions of law without considering the merits of the case on the facts this decision is conclusive only as to the questions of law involved.

For the reasons stated the judgment is reversed and the cause remanded with directions to the trial court to grant the appellant a new trial at respondent's costs.

GIDEON, FRICK, and CHERRY, JJ., and WOOLLEY, District Judge, concur.

WEBER, C. J., did not participate herein.