## BOUWHUIS et al v. JOHNSON

No. 4448.   Decided November 23, 1926.   (251 P. 359.)

*John G. Willis,* of Ogden, for appellant.

*John A. Sneddon,* of Ogden, for respondents.

THURMAN, J.

This was an action to determine the right to certain seepage and percolating water situated in Weber county, Utah, and for injunctive relief.

The pleadings are voluminous and show that both plaintiffs and defendants claim to be the owners of the water

rights in controversy. The court to whom the case was tried found the issues in favor of the plaintiff, and decree was entered accordingly. Defendant appeals, and the only issues on appeal attempted to be presented are such as appear in the following alleged assignments of error:

"I.    The court erred in making its findings of fact numbered 4.
"II.   The court erred in making finding of fact numbered 6.
"III.  The court erred in making finding of fact numbered 9.
"IV.   The court erred in making finding of fact numbered 12.
"V.    The court erred in making finding of fact numbered 13.
"VI.   The court erred in making finding of fact numbered 15.
"VII.  The court erred in making finding of fact numbered 18.
"VIII. The court erred in making conclusion of law numbered 1.
"IX.   The court erred in making conclusion of law numbered 2.
"X.    The court erred in making conclusion of law numbered 3.
"XI.   The court erred in making conclusion of law numbered 4.
"XII.  The court erred in making conclusion of law numbered 5."

The references to the transcript are references to the findings, as the same appear in the judgment roll. The alleged assignment of errors is manifestly insufficient to authorize this court to review the evidence. Furthermore a careful examination of the findings fails to disclose any error of law that would warrant a reversal of the judgment. The respondent filed seasonable objections to appellant being heard on the merits of the case for the reason that the alleged assignment of errors does not comply with rule 26 of this court, in that it fails to specify any particulars wherein the evidence is insufficient to sustain the findings. This court, in numerous cases, has had occasion to apply this rule and has uniformly held that an assignment of error for insufficiency of evidence which does not specify the particulars wherein the evidence is insufficient does not authorize this court to review the evidence. The alleged assignment of errors in this case is so defective that it is impossible for the court to determine whether appellant relies on errors of law or insufficiency of the evidence. It is perhaps useless to cite the cases in which this

court has held that such an assignment, as far as insufficiency of evidence is concerned, is unavailable on appeal. This has been so frequently done and so often disregarded that it has almost become a crying evil. Nevertheless, for the benefit of those who desire to make their appeals available, we once more cite a few of the cases in which insufficient assignment was held to be nugatory and of no effect. *Egelund v. Fayter,* 51 Utah, 579, 172 P. 313, in which previous cases are collated; *Smith v. Knauss,* 52 Utah, 614, 176 P. 621; *Holt v. Great Eastern Casualty Co.,* 53 Utah, 543, 173 P. 1168; *Hansen v. O. S. L. R. R. Co.,* 55 Utah, 577, 188 P. 852; *Wilson v. Guyon,* 61 Utah, 565, 216 P. 1078; *Fuller v. Burnett* (Utah) 243 P. 790. There are numerous others, but the above will suffice.

The judgment of the trial court is affirmed at appellant's costs.

GIDEON, C. J., and FRICK, CHERRY, and STRAUP, JJ., concur.