In re APPLICATION 7600 TO APPROPRIATE WATER. Appeal of FALKENBERG et al.

No. 4638.   Decided November 10, 1928.   (272 P. 225.)

W. B. Higgins, of Fillmore, for appellants.

Stewart, Alexander & Budge, of Salt Lake City, for respondent.

GIDEON, J.

Whether the district court erred in approving an order of the state engineer granting an extension of time to the Granite Creek Irrigation Company to complete the appropriation of water under an application numbered 7600 is the question here presented for review. This is the second appeal in this controversy. See in re Application 7600 to Appropriate 30 Second Feet of Water, 63 Utah 311, 225 P. 605. Reference to the opinion in that case is hereby made for a more detailed statement of the facts involved.

In the year 1918 the predecessors in interest of the Granite Creek Irrigation Company filed with the state engineer application No. 7600 for the appropriation of 30 second feet of water from Red Cedar creek in Juab county, this state. The application was approved May 27, 1919. The condition imposed by the engineer was that actual construction work should begin within six months, and that the appropriation should be completed on or before March 1, 1922. In October, 1921, a Mr. H. B. Johnson filed with the state engineer application No. 8925 for the appropriation of 20 second feet of water from Red Cedar creek. This

application was approved in February, 1922. Johnson was the predecessor in interest of the protestants here. In February, 1922, the Granite Creek Irrigation Company, owner of application No. 7600, applied to the state engineer for an extension of time from March 1, 1922, to March 1, 1923, within which to complete the work under said application. Thereafter an additional or subsequent application was made for a further extension of time in which to complete the appropriation. Protest was filed by the owners of application No. 8925 against application No. 7600, alleging impracticability of the project and also objecting and protesting against the granting of additional time within which to complete the appropriation, for the reason that work had not been commenced within six months from the approval of the application and had not been diligently prosecuted. Affidavits were filed by the respective parties in support of the protest and objections, and likewise in favor of the granting of additional time. Evidence was taken by the state engineer. That officer granted additional time and dismissed the protest. An appeal was taken from that ruling to the district court of Juab county. There the matter came on for hearing. That court entertained the view that the state engineer had no authority to grant an extension of time for the completion of the work necessary under an application for the appropriation of water. The Granite Creek Irrigation Company appealed to this court. This court, in Re Application 7600, etc., held that the engineer was authorized and had power to grant an extension. Only one question was considered and determined on that appeal. As the court in the opinion said:

"The concrete question to be determined is: Did the State Engineer have power to grant an extension of time to application 7600 within which to complete the work beyond the time originally fixed by the State Engineer when he approved the application?"

The judgment of the district court of Juab county was reversed, and the cause was remanded to be heard upon the

merits. Thereafter, by stipulation of counsel, the case was transferred to the district court of Salt Lake county, and was there heard in September, 1926. The trial in the last-named court resulted in a judgment approving the order of the state engineer granting the additional time requested for the completion of the work and dismissing the protest. Motion for a new trial was made. This was denied. From the judgment so rendered by the district court of Salt Lake county this appeal is prosecuted by the protestants, S. F. Falkenberg and W. N. Lord, who are the successors in interest of H. B. Johnson, the original owner of application No. 8925.

Red Cedar creek is a small stream of water having its source in the mountains in Juab county and running in a southeasterly direction over or through the lands sought to be irrigated with the waters applied for under application No. 7600. Granite creek is also a small stream of water. It lies to the west of Red Cedar creek and has its source in the mountains to the northwest. The course of Granite creek is also southeasterly. These two streams come together in the valley below. Lying between the two streams and below the canyons from which they emerge is land suitable for irrigation. The project undertaken by the Granite Creek Irrigation Company and its predecessors in interest is to use these waters for the irrigation of some of this land down in the valley. An appropriation of water from Granite creek was also made. The project contemplates piping water from Granite creek to a natural reservoir lying between Granite creek and Red Cedar creek and also the construction of conduits or pipes to take the water from Red Cedar creek into the same reservoir. As described by the state engineer, the reservoir site lies higher up than does the land sought to be irrigated and is a natural reservoir site. The water is taken from the reservoir by pipe line and conveyed into the laterals which carry the water to the land sought to be irrigated. The testimony is quite definite that the Granite Creek Irrigation Company had ex-

pended large sums of money in its efforts to take the water from Granite creek to the reservoir site and to convey it from the reservoir to the land to be irrigated, and also in constructing the laterals for carrying water to the land proposed to be irrigated. These same laterals were to be used, at least in a partial way, in the distribution of the water from Red Cedar creek.

The cause, as heard before the trial court, was narrowed to two issues: First, that the owner of application No. 7600 did no actual construction work in the diversion or appropriation of water within six months after the date of the approval of the application. Second, that the owner of application No. 7600 failed to prosecute the work under said application with due diligence. While it is true that the protestants alleged other grounds against the extension of time to complete the work, the district court treated the issues limited as indicated, and was authorized to do so by reason of the statement of counsel representing the protestants, appellants here. In the course of the trial, and while addressing the court upon the objections made to certain evidence, counsel for protestants said:

"I will state to the court frankly that our evidence was directed towards two issues that Your Honor designated in the first place, the issue that they [the Granite Creek Irrigation Company] did not begin construction work within the six months and that they did not diligently prosecute that work."

On the former appeal in this case it was determined that the state engineer, by virtue of his office, has authority to grant extensions of time for the completion of the appropriation of water under applications so to do ■ upon good showing made. Necessarily, in the exercise of that power, such officer is given a certain degree of discretion in the granting or refusing of extensions. That was the view entertained by the trial judge, and accordingly he interpreted his duty to be to determine whether or not the engineer had abused his discretion in granting the ex-

tension in this case. With this view of the trial court we are in full accord.

The case was tried to the court sitting without a jury. Repeatedly during the hearing the court indicated that he would permit a wide latitude in the introduction of testimony. That upon the theory that he was called upon to determine whether or not there had been an ■ abuse of discretion on the part of the engineer in granting the extension of time. The testimony most seriously objected to related to the amount of money theretofore expended by the Granite Creek Irrigation Company in carrying water from Granite creek to the reservoir site, and also to the amount of work done and money expended in carrying the water from the reservoir to the laterals, and, in addition, the cost of constructing the laterals which laterals carried the water to the land to be irrigated. In our judgment the admission of that testimony, in view of the nature of the question to be determined, cannot be held to be prejudicial error, or, in fact, error at all. There was a conflict in the testimony heard by the trial court. Evidence justifying or authorizing the court to hold that the state engineer had abused his discretion in granting an extension, in our judgment, should be quite conclusive to the effect that the party asking for the extension was not entitled thereto. It cannot be contended that there is no substantial evidence in the record to support the court's findings hereinafter to be noted. Any incompetent or irrelevant testimony, if any, heard by the court, was not so prejudicial as to work a reversal of the judgment.

There are 33 assignments of error. Thirty-one of these assignments relate to, and are based upon, the rulings of the court in either admitting certain testimony objected to by appellants or the exclusion of other testimony offered by appellants. We have examined these several assignments as they are grouped and argued in appellants' brief. As elsewhere stated in this opinion, the court permitted a wide latitude in the introduction of testimony. The court heard

testimony relating to every issue in any way material to the questions to be determined by it. The court in its rulings did not exclude any material testimony offered by appellants. The testimony heard by the court over the objections of appellants, even if immaterial, was not so prejudicial, if prejudicial at all, as to call for a reversal of the judgment. It would serve no good purpose to notice in this opinion the several assignments separately. We have examined the same, and do not find that there was any prejudicial error committed by the court in its rulings either excluding or admitting testimony.

The thirty-second assignment is:

"The court erred in rendering judgment for the appellee."

Assignment No. 33 is:

"The court erred in overruling appellants' motion for a new trial."

There is nothing in these assignments specifying wherein or for what reason the court erred in rendering judgment for the appellee or wherein or for what reason the court erred in overruling appellants' motion for a new trial. In other words, the thirty-second and thirty-third assignments are not assignments at all. They are merely statements that the court erred in its conclusion to render judgment for respondents and in its conclusion in denying the motion for a new trial.

There is no assignment challenging the findings of the court. The court's sixth finding, so far as material here, is:

"The court finds from the evidence that within six months after the approval of Application No. 7600 work was commenced under said application, as required by law, and the rules and regulations prescribed by the State Engineer; that work was prosecuted under said application in good faith and was being prosecuted in good faith at the time the applicant applied for an extension of time in which to complete the construction of the diverting works, as required by law; that approximately seven hundred feet of trench work had been constructed, and that the applicant had under way of construction a pipe line and had expended large sums of money in preparation for

and in outlining and carrying into execution the construction work necessary to complete the project."

That finding, as all other findings, stands unassailed. The finding is sufficient to support the judgment of the court in its judgment approving the order of the state engineer granting the extension of time. The finding has support in the evidence introduced at the trial. The ■ above finding being sufficient to support the court's judgment, and the same being supported by competent evidence and nowhere assailed by the assignments of error, it necessarily follows that the findings support the judgment, and that the judgment should be affirmed.

As stated, there are no specifications or objections either in the motion for a new trial or in the assignments of error that the findings of the court are contrary ■ to the weight of the evidence or that they are without support in the evidence. The notice of motion for a new trial but says:

"That the findings of fact are not supported by the evidence and against the evidence; that said judgment is against the evidence and against law."

No specifications wherein the evidence is insufficient to support the findings are found in the motion for a new trial or elsewhere in the record. The insufficiency of the evidence is argued in appellants' brief. We are left to search through the entire record, consisting of more than 450 typewritten pages, without any assistance from the assignments of error or from the motion for a new trial to ascertain wherein and whereby the findings are contrary to the evidence. That this court has repeatedly declined to do in the absence of assigned errors specifying wherein the findings are not supported by the evidence.

It follows that the judgment of the lower court should be, and it accordingly is, affirmed.

THURMAN, C. J., and CHERRY, STRAUP, and HANSEN, JJ., concur.