## SHARP v. BOWEN et al.

No. 5546.   Decided September 10, 1935.   (48 P. [2d] 905.)

*Cluff & Cluff*, of Salt Lake City, for appellants.

*Badger, Rich & Rich*, of Salt Lake City, for respondent.

EVANS, District Judge.

This action was commenced for the purpose of determing the right to the use of an irrigating ditch extending through appellants' premises and claimed to have been used for the irrigation of lands owned by respondent. The amended complaint, in substance, alleges that for many years prior to 1920, John G. and Eliza S. Sharp were the owners of a tract of land, a portion of which was subsequently sold to the respondent, and at a later date another portion was ac-

quired by appellants; that, at the time of the conveyance of the premises to respondent and for a long time prior thereto, there had existed an irrigation ditch, plainly visible at the time of appellants' purchase, running north across the east end of the land subsequently acquired by appellants, which had been used by respondent and his predecessors in interest to irrigate the south area of his premises. It is alleged that appellants filled in and destroyed the ditch, and refused to permit its use by respondent for the irrigation of his adjoining premises. The answer admits the allegations of the complaint, except the existence of the ditch and the right of the respondent to convey water across appellants' premises.

Before proceeding to a consideration of the merits, it is necessary to dispose of a motion to strike the assignments of error. The motion is made upon the grounds: (1) That the errors relied upon are not separately stated; (2) that the particulars wherein reliance is had upon the insufficiency of the evidence are not stated; (3) that the assignments are not definite and certain; and (4) that references to the abstract and transcript pages are either absent or incorrect.

Five errors only are assigned, three of which challenge rulings of the court upon the admission or rejection of evidence. The remaining two assignments attack the findings and conclusions of the court.

The assignments refer to the pages of the bill of exceptions, which were necessarily changed by repaging after the addition of the judgment roll in making up the transcript on appeal. While failing to comply with the requirements of the rule, such failure has not resulted in any inconvenience in the examination of the record, and no prejudice is claimed by respondent. There is no merit in the contention that the assignments are not separately stated or that they are not definite and certain.

The remaining question for review is as to the correctness of the findings of fact. Respondent contends that

appellants have failed to specify the particulars wherein the evidence is insufficient to support the findings. It is assigned as error that the findings are contrary ■ to the weight of the evidence. An error insufficiently assigned may be disregarded, and the court may refuse to review the alleged error. It is not, however, for that reason, subject to a motion to strike.

The assigned errors as to testimony stricken and as to the admission and rejection of evidence are not argued and are therefore abandoned.

Appellants assign as error that the findings of fact are contrary to the weight of the evidence. This is followed by a specification of the particulars, but not ■■ precisely in the manner contemplated by that portion of rule 26, which provides:

"When the assigned error is upon the ground of the insufficiency of the evidence to sustain or justify the verdict or decision, the particulars wherein the evidence is so insufficient shall be specified."

The specification consists of a brief statement of the issues of fact upon which it is claimed the evidence preponderates in favor of appellants' contentions. The assignment specifies the particulars which it is claimed are not supported by a preponderance of the evidence, and follows with a brief recital of the testimony of appellants' witnesses. Apparently it is not contended that the evidence in support of the findings is insufficient, but rather it is not supported by a preponderance of the evidence. We may regard the motion to strike as an objection to the sufficiency of the assignment to permit a review by this court of the correctness of the findings. In an early case, *Van Pelt* v. *Park* (1898) 18 Utah 141, 55 P. 381, 382, it was contended that a specification of particulars should not be required in equity cases, but the court held that:

"The objection must specify the particulars in which such evidence is alleged to be insufficient, so that the attention of the court and counsel may be directed to the particular matter relied upon by the

moving party as affecting the questions raised, and the particular errors upon which the party relies should be stated. The statute applies to appeals in equity cases as well as to appeals in cases at law. A disapproval of the findings and conclusions, merely, is not an exception for insufficiency of the evidence to justify it."

The California cases cited in support of this doctrine have since been overruled. In the case of *Porter* v. *Counts*, 6 Cal. App. 550, 92 P. 655, 656, it is said:

"It will be observed from the foregoing sections of the Code of Civil Procedure that the requirement is the same in a 'statement' as in a 'bill of exceptions.' But the cases cited have been overruled by the subsequent decisions of the Supreme Court. In *Drathman* v. *Cohen*, 139 Cal. [310] 313, 73 P. 181, specifications somewhat similar to those in the case at bar were held to be sufficient, and the court, through Mr. Justice Shaw, says: 'The strongest case, and the one usually cited upon objections to specifications of this character, is *De Molera* v. *Martin*, 120 Cal. [544] 548, 52 P. 825. If the decision in that case were followed, perhaps the specifications here in question would be declared insufficient; but experience has proven that the rule then laid down was too strict, and that it has been productive of evil and not good. Perhaps some of the other cases cited may also tend to establish the same rule. But latterly the court has been more liberal in such matters, and the rule now followed is stated in *American, etc., Company* v. *Packer*, 130 Cal. 459, 62 P. 744, as follows: "Whenever there is a reasonably successful effort to state the particulars and they are such as may have been sufficient to inform the opposing counsel and the court of the grounds, * * * this court ought not to refuse to consider the case on appeal, and especially where, as in this case, the transcript shows that all the evidence has been brought up." In the case at bar, also, the evidence is all presented in the transcript. The cases of *Bell* v. *Staacke*, 141 Cal. 186, 74 P. 774 and *Harris* v. *Duarte*, 141 Cal. 497, 70 P. 298, 75 P. 58, are directly opposed to respondents' contention, and expressly overrule the earlier decisions. In the latter case it is said: "A specification is sufficient when it points to a particular finding." It must be held, therefore, that the specifications are sufficient to challenge an examination of the evidence to determine its sufficiency to support the findings.' "

Since the decision in the case of *Van Pelt* v. *Park*, supra, the statute has been repealed, but its provisions are substantially embodied in rule 26. It is to be noted also that at that time an abridgment of the record might

be presented and settled as the bill of exceptions and such seems to have been the usual method of preparing a record on appeal. When the assigned error was upon the ground of the insufficiency of the evidence to sustain or justify the decision, the particulars were required to be specified and embodied in the bill of exceptions; this being to enable opposing counsel to propose his amendments embodying evidence that may have been omitted and which might otherwise escape attention. *Little et al.* v. *Gorman et al.*, 39 Utah 63, 114 P. 321. It was there held that, while the requirement is not jurisdictional, the respondents were entitled to a specification of particulars in the assignment to advise them in making proposed amendments to the printed abstract and to enable them to properly prepare their briefs, to show the force and effect of the evidence as applied to the questions in issue.

We have before us an appeal which purports to contain all of the evidence adduced upon the trial of the cause, and the question presented requires that we should examine the evidence for the purpose of determining whether the findings are correct. In the case of *Wallick* v. *Vance*, 76 Utah 209, 289 P. 103, 108, which was a proceeding in equity involving disputed questions of fact only, the court said:

"In such a case in this jurisdiction when the question presented on appeal requires this court to examine into the evidence, the case is in effect a trial de novo on the record, and the parties are entitled to the judgment of this court as to what the ultimate judgment should be."

We approve this as being a correct statement of the theory upon which equity cases are presented to this court for review, where the findings are aptly and sufficiently challenged. The Supreme Court of California holds that "a specification is sufficient when it points to a particular finding." *Harris* v. *Duarte*, 141 Cal. 497, 70 P. 298, 75 P. 58; *Porter* v. *Counts*, 6 Cal. App. 550, 92 P. 655. In arriving at this decision it is noted that the earlier California decisions are overruled. The necessity for specifications no longer exists. We are not here required to decide whether

we are prepared to follow California in abolishing the rule. It is sufficient to say that the tendency has been in the direction of ameliorating the rigors of the rule. The present attitude of this court is reflected in the case of *Paxton* v. *Paxton*, 80 Utah 540, 15 P. (2d) 1051, 1053, wherein the finding assailed was briefly described. With no other or further specifications, it was assigned as error:

"That there is no evidence, however, to support the finding that said note was executed for adequate consideration, or for any consideration whatsoever, and that said finding is clearly against the preponderance of the evidence."

The sufficiency of this assignment was attacked. The court, however, held against this contention, and said:

"It will be noted that appellants' assignments in this case specify the particulars wherein they claim the findings are against the preponderance of the evidence. Where a party seeks the review of a specific finding of a particular fact under a claim that the finding of such fact is against the preponderance of the evidence, it is not necessary under rule 26 of this court to set out in the assignment the evidence which supports and which controverts the finding so attacked. Appellants' assignments of error are sufficient to entitle them to a review of the evidence and to the judgment of this court as to whether or not the preponderance of the evidence requires findings that the mortgage to Frank Paxton and the alleged agreement to convey to Charles George are void as against the judgments of the appellants." See, also, *Christensen* v. *Ogden State Bank*, 75 Utah 478, 286 P. 638.

For illustrations of the character of general and meaningless assignments to be considered as not sufficient, see *Bouwhuis* v. *Johnson*, 68 Utah 544, 251 P. 359; *Thomas* v. *Perry Irr. Co.*, 63 Utah 490, 227 P. 268.

Measured by the standards approved by this court in the cases above referred to, assignment No. 3 sufficiently assigns error under rule 26, and the motion to strike is accordingly denied.

We are of the opinion that the appellant's assignments of error are sufficient to entitle them to a review of the evidence and to the judgment of this court as to whether or

not the preponderance of the evidence supports the findings of the trial court.

We proceed then to the question as to whether or not the court erred in its findings of fact upon the ground that the findings are contrary to the evidence. It appears that one John G. Sharp originally owned a tract of land lying on the west side of State street in Salt Lake county, for which he obtained water for irrigation purposes from the Cahoon and Maxfield irrigation system; that the canal divided some 500 feet east of the Sharp land, one branch, known as the south ditch, conveying water to the south portion, and the north branch supplying water to the north portion of the premises. In 1920 respondent purchased 2.77 acres, constituting the extreme northern portion of the Sharp tract. In the year 1926, appellants acquired from John G. Sharp a tract of approximately 3 acres, which received its water through the south branch. Thereafter appellants, in making improvements upon their property, filled in a portion of the irrigating ditch where it crossed their premises near the highway and thereby prevented the water from flowing north beyond that point. This ditch had for forty years conveyed water to the north boundary of appellants' premises and, according to the testimony of respondent's witnesses, beyond the boundary where it had been used for the irrigation of a portion of respondent's premises lying between the north branch or lateral and the south boundary of respondent's premises. Here the real dispute arises. Appellants contend, and offer evidence tending to prove, that the lateral ended at or before it reached the south boundary of respondent's premises, and that respondent could and did irrigate all of his premises from the north branch of the ditch, and that it was therefore not necessary to use the south branch.

Respondent's witnesses testified that the south branch of the ditch had been constructed many years prior to the time when the parties acquired their titles, that every year, during the irrigating season, the water had been conveyed

through this ditch across the appellants' premises, and that the normal flow, and at times excess waters, had been used through this branch of the ditch for the irrigation of a portion of respondent's premises. Appellants' witnesses testified that the ditch tapered down as it approached the boundary line between appellants and respondent, and was not used for the irrigation of any part of respondent's premises.

The weight of the testimony preponderates in favor of respondent's contention. The findings of fact appear to be correct and will not be disturbed. For the purpose of determining the correctness of the findings of fact and whether or not they are supported by a preponderance of the evidence, we have examined the entire record. There appear to be no inherent weaknesses in the character of the testimony adduced in support of the findings, which are amply supported by a fair preponderance.

Our approval of the findings of fact renders it unnecessary to review the questions of law discussed by appellants in their brief and argument. The principles of law contended for by the appellants do not follow from the facts as found, and are apparently urged only in contemplation of a disapproval by this court of the facts as found by the trial court.

The judgment of the district court is accordingly affirmed. Respondent is awarded his costs on appeal.

ELIAS HANSEN, C. J., FOLLAND and EPHRAIM HANSON, JJ., and WADE, District Judge, concur.

MOFFAT and WOLFE, JJ., being disqualified, did not participate herein.