## TOWNSEND v. HOLBROOK et al.

No. 5651.   Decided April 15, 1936.   (56 P. [2d] 610).

Rehearing denied October 14, 1936.

*Karl V. King* and *Roy F. Tygesen,* both of Salt Lake City, for appellant.

*Claude T. Barnes,* of Salt Lake City, for respondents.

FOLLAND, Justice.

This is an action for damages for an alleged conversion of a Buick automobile by the personal defendant, the sheriff of Davis county. The corporate defendant is his official bondsman. The facts, briefly, are these: John C. Burton entered the state driving a Buick automobile. An action was commenced against him by a Utah creditor in the district court of Davis county and writ of attachment issued. The defendant sheriff, pursuant to the writ of attachment, took the car into possession. The California registration certificate showed Burton as the registered owner and the Frank R. Little Company, a California corporation, as legal owner. It appeared that Burton executed a chattel mortgage to the Figueroa Auto Loan Company, which corporation in turn assigned to the Frank R. Little Company. The sheriff learned by wire that $135.62 remained unpaid on the mortgage, but, before he could make tender of such amount, a demand was made on him by Frank R. Little Company for possession of the car, and almost immediately afterwards demand for possession was made by plaintiff. This suit was then commenced, and defendant paid into court the sum of $135.62. After trial, the court made findings and entered judgment in favor of defendants and against plaintiff of no cause of action, and held the money deposited in court for the plaintiff or Frank R. Little Company as their interest may appear.

The assignments of error are as follows:

"Comes now Helen Fay Townsend, appellant herein, and hereby assigns the following errors, upon which she relies for a reversal of said cause:

"1.  Irregularity in the proceedings of the court and abuse of discretion by which the plaintiff was prevented from having a full and complete hearing on the issues in said cause.

"2.  The failure of the court to grant defendant's motion for a new trial.

"3.  Insufficiency of the evidence to justify the decision, and that from all the evidence in said case there was no evidence on which the court was justified in making the decision as rendered, and that it is against law.

"4.  Errors in law occurring at the trial and excepted to by the plaintiff.

"5.  Errors committed by the court in refusing to admit material and competent evidence in support of the issues raised by the pleadings in said cause."

Rule 26 of this court, in effect at the time the assignments of error were filed (now Rule VI), reads as follows:

"Appellant shall assign errors in writing. * * * Each alleged error shall be separately stated.  When the alleged error is upon the ground of insufficiency of the evidence to sustain or justify the verdict or decision the particulars wherein the evidence is so insufficient shall be specified.  Said assignments, or so much thereof relied upon, shall be set forth in the printed abstract, together with reference to the pages in the transcript and abstract where the rulings and exceptions pertaining thereto appear."

As may be readily seen, not any of these assignments comply with the rule, and not one of them is sufficient to indicate any error which may be complained of by appellant. While there are five purported assignments, they, whether taken separately or together, but state generally that the court made numerous errors.  No particular error is indicated or stated either separately or in conjunction with others.  Irregularity is complained of, but no irregularity is stated.  We are informed it was error for the court to fail to grant appellant's motion for a new trial, but no reason is given and no ground stated or specific error enumerated.  This court has held that such an assignment

is no assignment at all. *In re Application 7600, etc.*, 73 Utah 50, 272 P. 225. Assignment No. 3 is on the ground of the insufficiency of the evidence to justify the decision. The rule requires that:

"When the alleged error is upon the ground of insufficiency of the evidence * * * the particulars wherein the evidence is so insufficient shall be specified."

The scope of this part of the rule is discussed in *Sharp* v. *Bowen*, 87 Utah 327, 48 P. (2d) 905, and by that decision liberalized so as to permit a review by this court where an attempt at compliance with the rule was seen by an assignment pointing to the finding or issue which it is claimed is not supported by evidence. Here there is no such attempt; not anything is specified. Many of the facts stated in the findings are supported by evidence. It may be that all of them are. If there are any not so supported, our attention is not directed to the fact or issue, or the finding in which contained, which it is claimed is not so supported. Had the assignment said the judgment was not supported by the findings, there might have been something for us to review, or that any particular finding was not supported with some attempt to indicate the defect. As it is, the assignment does not point to anything which this court may review. The last two assignments merely say there were errors occurring at the trial, but these also are fatally defective in failing to indicate such claimed errors. This court has uniformly condemned such assignments as insufficient for any purpose. *Egelund* v. *Fayter*, 51 Utah 579, 172 P. 313; *Thomas* v. *Perry Irrigation Co.*, 63 Utah 490, 227 P. 268; *Bouwhuis* v. *Johnson*, 68 Utah 544, 251 P. 359; *Piper* v. *Eakle*, 78 Utah 342, 2 P. (2d) 909.

There is no reference in the printed abstract "to the pages in the transcript and abstract where the rulings and exceptions pertaining thereto appear." Indeed, there could be none, because no rulings or exceptions are stated.

In the absence of any sufficient assignment of error, the judgment must be affirmed. Such is the order. Costs to respondent.

ELIAS HANSEN, C. J., and EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.